## Cotner *v.* Montour Company.

*Public officers—Compensation of county treasurer under act of* 1834.

Under the 41st section of the Act of April 15, 1834, P. L. 544, relative to the compensation of county treasurers, a rate settled by the county commissioners fixing the compensation of the treasurer of Montour county at three per cent on all ordinary county funds " received and paid by him for county purposes," does not entitle the treasurer to any commission upon the undisbursed balance remaining in his hands at the end of the term.

Argued Feb. 12, 1900. Appeal, No. 41, Jan. T., 1900, by plaintiff, in a suit of George P. Cotner against Montour county, from judgment of C. P. Montour Co., Jan. T., 1899, No. 66, in favor of defendant on case stated. Before RICE, P. J., BEA-

VER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.   Opinion by RICE, P. J.   ORLADY, J., dissents.

Case stated.   Before LITTLE, P. J.

It appears from the case stated that at the joint session of the county commissioners and the county auditors of the county of Montour, the rates of the commission of the county treasurer of said county were fixed by the following resolution:

"Resolved, that the commission of the county treasurer for the ensuing year A. D. 1897 be fixed as follows, viz: Three per cent on all ordinary county funds received and paid by him for county purposes, including dog tax and return county tax (unless otherwise provided by law), and that no double commission be allowed on the disbursement of any county funds." That in accordance with the aforesaid resolution the plaintiff, as county treasurer, received three per cent commission on the sum of $17,142.37, actually disbursed by him out of the county fund, and that there still remains as a balance in the hands of the said plaintiff as county treasurer the sum of $5,495.15 undisbursed, which said balance is to be transferred and handed over to Philip C. Newbaker as plaintiff's successor as said county treasurer.   That it has formerly been the custom to allow outgoing county treasurers of said county a commission upon smaller undisbursed balances in their hands as such. That the county auditors of the said county refuse to pay the plaintiff any commission on the undisbursed balance for the reason that such commission is illegal, unwarranted and contrary to the specific language, intent and meaning of the aforesaid resolution passed January 9, 1897, fixing the commission of the said plaintiff as such county treasurer.

The court entered judgment in favor of the defendant, with costs.   Plaintiff appealed.

*Error assigned* was entry of judgment in favor of defendant.

*R. S. Ammerman*, for appellant.—To carry out the intention of the legislature it is occasionally found necessary to read the conjunctions " or " for " and," one for the other.   These words are controvertible into each other, as the sense of the enactment and the necessity of harmonizing its provisions may require.

This manner of construing a statute is not without precedent; it was done by the Supreme Court in Murray v. Keyes, 35 Pa. 384, Bollin v. Shiner, 12 Pa. 205, Foster v. Com., 8 W. & S. 77, and Rolland v. Com., 82 Pa. 306, 326.

It is conceded that usage contrary to law cannot make law, but it is urged in this case that there being no statutory provision covering the exact question before us, and that of custom being the only guide, must of necessity prevail.

The Supreme Court of the state of New York in Wilcox v. Wood, 9 Wend. 346, decides: "A universal custom becomes law. A custom established by long use and experience becomes common law." The same court in Robertson v. National Steamship Co., 139 N. Y. 416, holds: "One who seeks to avoid the effect of a notorious and uniform usage must show that he was ignorant of it."

*Edward Sayre Gearhart*, for appellee.—The act provides that such county treasurer shall receive "a certain amount on all moneys received and paid by him." Paid by him to whom? Is it to be merely paid to his successor in office, or is it to be regularly paid to different persons named in the orders regularly issued by the county commissioners? Confessedly to the latter. The outgoing county treasurer simply transfers the balance in his hands as such to his successor in office. He "pays" no one in the meaning and intendment of the said act. Even in the case of Centre County v. Gramley, 155 Pa. 325, upon which counsel for appellant so strenuously relies, it is held that "a county treasurer is entitled to commissions on such road, school and poor taxes only as he both collects and distributes."

OPINION BY RICE, P. J., May 24, 1900:

The 41st section of the Act of April 15, 1834, P. L. 537, relative to the compensation of county treasurers reads as follows: "Each county treasurer shall receive in full compensation for his services on behalf of the county, a certain amount per cent on all moneys received and paid by him, which rate shall be settled from time to time by the county commissioners with the approbation of the county auditors." The resolution under consideration in the present case fixed the compensation of the plaintiff at "three per cent on all ordinary county funds

received and paid by him for county purposes," and provided "that no double commission be allowed on the disbursement of any county funds." This resolution does not mean that he was to be paid three per cent for receiving the money and three per cent for disbursing it. Nor does it mean that he was to be allowed the commission for receiving the money whether he disbursed it for county purposes or not. If that had been the intention, the words "and paid" would have been omitted. Indeed, it is not strictly accurate to say that the treasurer is paid a commission for receiving the money, or for disbursing it or for both. In other words, the legislature has not declared that for each of these services he shall receive a specific fee or commission. Instead of compensating him in that mode, or by a fixed salary, his compensation is measured by a certain percentage on the whole amount of money received and paid for county purposes which, in the language of the act, is "full compensation" for all services in behalf of the county including the receipt, safekeeping and disbursement of the money. This mode of determining the amount of his compensation excludes from the computation the undisbursed balance remaining in the treasury at the end of his term. But this construction of the resolution does not result in depriving him of compensation for receiving such money. As well might it be said that he is deprived of compensation for the safe-keeping of the money because specific compensation for that specific service is not provided. The presumption is, that the percentage allowed on moneys "received and paid" was deemed adequate compensation for all services including the receipt and safekeeping of money not disbursed. We cannot see that the fact that it has been the custom to allow outgoing treasurers of this county a commission upon undisbursed balances in their hands can control, or even aid in the construction of the resolution under consideration. The learned judge reached the right conclusion in holding that under this resolution the plaintiff was not entitled to a commission of three per cent upon the undisbursed balance remaining in his hands at the end of his term.

Judgment affirmed.

ORLADY, J., dissents.