## Flower v. Leslie.

*Public officers—County treasurer—Compensation—Commissions on receipts —Act of April 15, 1834.*

Where the compensation of a county treasurer has been fixed at 1 per cent. upon "all money paid out and received" in accordance with the terms of the Act of April 15, 1834, P. L. 537, 544, he is not entitled to commissions upon the funds delivered to him by his predecessor in office.

Issue framed on appeal from report of county controller. C. P. Erie Co., Feb. T., 1917, No. 281.

*Gunnison, Fish, Gifford & Chapin,* for appellant; *Miles R. Nason,* contra.

HIRT, J., Feb. 8, 1922.—This is an issue framed on an appeal from the report of the county controller, filed in the office of the prothonotary Jan. 31, 1917, for the period beginning the first Monday in January, 1916, and ending the first Monday in January, 1917. The issue as framed by agreement of counsel was tried before the court without a jury.

The Act of April 15, 1834, § 41, P. L. 537, provides: "Each county treasurer shall receive in full compensation for his services on behalf of the county a certain amount per cent. on all moneys received and paid by him, which rate shall be settled by the county commissioners with the approbation of the county auditors." "Under section 41 of the Act of April 15, 1834, P. L. 537, 544, the duties and powers of county auditors and county controllers are substantially the same, and where a controller is substituted for county auditors, he performs the duties cast upon the latter:" Scranton v. Lackawanna County, 214 Pa. 509. The rate of commissions to be paid Thomas H. Flower as treasurer was fixed by a resolution of the county commissioners, adopted in the following language: "Nov. 17, 1915. Moved—that we make the county treasurer's commission for 1916, 1917, 1918 and 1919 1 per cent. on all money paid out and received." This resolution was approved by the county controller.

From the agreed facts it appears that Thomas H. Flower, on assuming his office, received from the former treasurer $178,881.35, the amount of undisbursed county funds in the hands of his predecessor in office at the expiration of his term. During the period covered by the controller's report, plaintiff collected in various taxes the sum of $297,172.35, and a commission of 1 per cent. was allowed on the amount of these taxes collected, but was refused on

the county funds transferred to his account at the beginning of his term. The matter in issue in this appeal is whether Thomas H. Flower is entitled to a commission of 1 per cent. on $178,881.35, county funds turned over to him by his predecessor in office. Plaintiff has retained $1778.81, the amount of commissions in dispute.

In practice a construction was placed on the resolution of the county commissioners which is not clearly indicated by the language used. It is agreed that under this resolution the county treasurer is entitled to 1 per cent. on funds received by him, and an additional 1 per cent. on funds paid out. This method of fixing the compensation of county treasurers appears to be the method adopted in practice in many counties, notwithstanding the language of the Act of April 15, 1834, § 41, P. L. 537, 544, which seems to contemplate a single commission for receiving and paying out county funds: Hemingway's Appeal, 4 Northamp. Co. Repr. 403; Scheffer's Appeal, 13 York Leg. Record, 142; Merwine *v.* Monroe County, 141 Pa. 162.

The very method of compensation recognized as proper practice under the law we believe decides the question at issue. It was obviously designed to prevent the payment of a double commission on the same funds for the same service. It is admitted in this case that the former treasurer received a commission for collecting the fund, and the commission claimed by the plaintiff would result in the payment of such double commission. A county treasurer, at the expiration of his term, is not entitled to a commission on funds turned over to his successor: Cotner *v.* Montour County, 13 Pa. Superior Ct. 514. And if this be the law, it is difficult to see why he should be entitled to commissions on funds received from his predecessor in office. In each case his duty is the same with respect to the fund—he is charged with its safekeeping without specific compensation for this service.

We are convinced that under the resolution of the county commissioners plaintiff is entitled to commissions only on money received as county funds collected by him from original sources. "It is not strictly accurate to say that the treasurer is paid a commission for receiving the money or for disbursing it, or for both; in other words, the legislature has not declared that for each of these services he shall receive a specific fee or commission. Instead of compensating him in that mode or by a fixed salary, his compensation is measured by a certain percentage on the whole amount received and paid out for county purposes, which, in the language of the act, is 'full compensation' for all services in behalf of the county, including the receipt, safekeeping and disbursement of the money:" Cotner *v.* Montour County, 13 Pa. Superior Ct. 514. The principle decided in this last cited case is in point, though the matter there in issue is not identical with the case at bar. It is there suggested that the method of compensation does not deprive the treasurer of compensation for the receiving or safekeeping of the county funds, though no specific compensation is allowed for these services. "The presumption is that the percentage allowed on moneys received and paid was deemed adequate for all services. . . ." In other words, the county commissioners fixed a rate of commission on certain classes of funds which would compensate the treasurer, in lieu of a salary, for all services incident to the office.

### Order.

And now, to wit, Feb. 8, 1922, the prothonotary is directed to enter judgment against the plaintiff and in favor of the defendant in the sum of $1778.81, with interest thereon from Jan. 31, 1917.

From J. M. Force, Erie, Pa.