## W. H. KEMBLE v. PHILA. ETC. R. CO.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
NO. 4 OF PHILADELPHIA COUNTY.

Argued January 19, 1891—Decided February 16, 1891.

(a) Abutting owners upon a city street, on the public plan but unopened, entered into an agreement with a railroad company granting to the latter the use of twenty feet of the middle of the street for its roadbed, free of charge, the company to curb and pave fifteen feet on each side thereof "to remain open for public use as a public highway forever: "

1. In a bill filed by a successor to the title of one of the abutting owners, to compel the railroad company to remove its tracks laid on the street outside the twenty feet granted, there being no averment that the tracks complained of had been laid without authority of law, the bill was demurrable, such an averment being absolutely essential.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 15 July Term 1890, Sup. Ct.; court below, No. 558 June Term 1888, C. P. No. 4.

On June 13, 1888, William H. Kemble filed a bill in equity against the Philadelphia, Germantown & Norristown Railroad Company, and its lessee, the Philadelphia & Reading Railroad Company, averring in substance as follows:

That the plaintiff was the owner in fee of a lot and tenement thereon on the northeast corner of Ninth and Spring Garden streets, his deed therefor being recorded in deed book L. R. B. No. 152, p. 428; that the Philad. G. & N. R. Co. was incorporated by the act of February 17, 1831, P. L. 53, supplemented by the act of April 7, 1832, P. L. 377, and the agreement referred to in § 5 of said act of 1832 was duly recorded in deed book A. M. No. 45, p. 640, a true copy being attached to the bill.

Upon the foregoing, and other averments appearing in the opinion of the court below, the bill prayed: 1. For answer. 2. That the defendants be decreed specifically to execute the said agreement. 3. That the defendants severally and jointly be enjoined until final hearing, and perpetually thereafter, from

Opinion of Court below.

maintaining any track or rail on any portion of Ninth street, from Spring Garden to Fairmount avenue, east of the centremost twenty feet of said Ninth street, as the same is marked down on the plan of the said street.    4. For further relief.

A demurrer filed to the bill having been argued, the following opinion was filed, THAYER, P. J.:

The case set forth in the bill is this: The plaintiff alleges that he is the owner of a house and lot on the northeast corner of Ninth and Spring Garden streets; that the Philadelphia, Germantown & Norristown Railroad Company, a railroad corporation created by an act of assembly passed February 17, 1831, having located a portion of its road over Ninth street, north of Spring Garden, as it was then laid down upon the city plan but not opened, entered into a certain agreement in writing with certain owners of land bordering on Ninth street, whereby it was agreed by the owner of the land that the railroad company " might construct their railroad on that location, occupying for that purpose their respective lands and property, without charge to the said company," the company agreeing that they would occupy in the construction of their road the centremost twenty feet in breadth of said Ninth street, and would curb and pave the street for the distance of fifteen feet on each side thereof.    The owners of the land further agreed to dedicate to public use, for sidewalks, ten feet in addition, on each side of the street.    In throwing open the fifteen feet to public use as a highway, the owners expressly released " all claim for damages either from the said company or otherwise," and the company covenanted that " the said fifteen feet on each side " of their railroad should " remain open for public use as a highway."    By the agreement, the centremost twenty feet, intended to be occupied by the railroad tracks, were conveyed by the owners to the company in fee.

The bill avers, also, that the Philadelphia, Germantown & Norristown Railroad Company have leased their road to the Philadelphia & Reading Railroad Company, and that the said companies, severally or jointly, maintain the same, but that the fifteen feet in breadth, on each side of the aforesaid twenty feet, north of Green street, has been appropriated for railroad purposes, tracks having been laid longitudinally thereon, and cars

drawn by steam being constantly drawn thereon.   These tracks are charged to have been laid "in violation of the express covenant of the Philadelphia, Germantown & Norristown Railroad Company, and to constitute a nuisance by reason thereof." It will be observed that the pleader has carefully abstained from saying that these tracks were laid without authority of law, or how many years they have been laid and used, but contents himself with saying that they were laid in alleged violation of the covenant.   Under these circumstances, the bill prays for a specific performance of the agreement referred to, and for an injunction.

It is clear that neither prayer can be granted.   In the first place, there is no such covenant in the agreement as the plaintiff seems to assume to exist.   That is to say, there is no covenant that the company would never lay any track upon the fifteen feet on each side of their main track.   The covenant is that the said fifteen feet in breadth "may be and remain open for public use as a public highway forever."   That the fifteen feet referred to are not now and have not always been open for public use as a public highway, is not alleged or pretended in the bill.   But, even if there had been such a covenant as that which the plaintiff takes for granted, it would have been perfectly competent for the legislature to authorize the railroad company to lay the additional tracks complained of, leaving the plaintiff and all others alleged to be injured, to their actions on the covenant or to their claims for damages.

Public works authorized by the legislature cannot be arrested or prevented because some one has entered into a covenant that they shall not be built.   There is nowhere in the whole scope of this bill any averment that the tracks complained of were laid without authority of law.   Such an averment is absolutely essential to the maintenance of such a bill as this, for how can the courts enjoin what the legislature has authorized by a constitutional grant of power?   If the company had contracted never to lay any rails upon this fifteen feet, and there had been a breach of the contract, the plaintiff would be put to his action at law upon the broken covenant, but specific performance would not even in that case be compelled, because the contract concerns the public; for the public has an interest paramount to particular individual interests, and their rights

Opinion of Court below.

cannot be compromised by a personal controversy between the railroad company and an individual. In such cases, the proper remedy for the aggrieved party for a broken covenant, is an action for damages, not a bill for an injunction, and such an action furnishes a complete and adequate remedy for such an injury.

But, according to the plaintiff's own showing of the facts, it is not true that the tracks complained of were laid in violation of any express covenant of the Philadelphia, Germantown & Norristown company. The covenant that the said fifteen feet in breadth shall remain open for public use as a public highway is not shown or charged to have been broken, for it is not averred that it has not been left open for public use as a public highway, and it is clear that the mere laying of tracks there would not destroy the public uses of a highway. Most of our streets are traversed by railways; but no one would have the assurance to say that they are less highways than they were before the tracks were laid. If the defendants have laid tracks upon Ninth street without warrant of law, there are adequate remedies whereby to redress the public wrong; but, if the defendants had legal authority for laying their tracks, a fact which is nowhere denied in this bill, they cannot be prevented from using them because they covenanted that Ninth street should remain open as a public highway, especially when it is not charged in the bill, and does not appear that it has not always been open as a public highway.

This view of the case relieves us from considering the other manifold defects and uncertainties of the bill, complained of by the defendants in the reasons assigned for their demurrers, some of which are of a grave character; as, for example, that the plaintiff has not set forth in his bill the name of the person from whom his title is derived, or in what manner and when it was derived. Neither has he averred or shown by which of said companies defendant the tracks were laid, nor that he is specially injured or affected by the laying of such tracks, they being, according to his own showing, more than a square distant from his property. Nor does he set forth through which of the said covenantees he claims, nor aver such facts as are necessary to show that the covenant he sets up is a covenant running with the land which he owns at Ninth and Spring

Arguments.

Garden streets. The fundamental defects, however, are that the plaintiff nowhere shows or alleges in his bill that the particular covenant he sets up has been broken, nor that the tracks of which he complains have been laid contrary to law, nor that he has any special damage to complain of.

It is ordered that the demurrer of the defendants be sustained, and that the bill be dismissed, the plaintiff to pay the costs.

—Thereupon, the plaintiff took this appeal, specifying that the court erred:

1. In decreeing that the bill be dismissed.

2. In not entering a decree that the defendants should answer the bill.

3. In not entering a decree that the defendants below be perpetually enjoined from maintaining any track or rail on any portion of Ninth street, from Spring Garden to Fairmount Avenue, east of the centremost twenty feet of the said Ninth street, as the same is marked down on the plan of the said street.

*Mr. David W. Sellers,* for the appellant.

Counsel cited: Section 5, act of April 7, 1832, P. L. 378, Commonwealth v. Railway Co., 127 Pa. 282; Penna. R. Co.'s App., 93 Pa. 150; Penna. R. Co.'s App., 115 Pa. 514; Commonwealth v. McNaugher, 131 Pa. 55; Clark v. Martin, 49 Pa. 290; Penna. R. Co. v. Elevator Co., 50 Pa. 499; St. Andrews Ch.'s App., 67 Pa. 512; Hunter's App., 40 Pa. 198; Ferguson's App., 117 Pa. 427; Cox's App., 11 W. N. 571; Manheim Plankroad Co. v. Arndt, 31 Pa. 317; Caley v. Railroad Co., 80 Pa. 363; Lejee v. Railway Co., 10 Phila. 362; Edgewood R. Co.'s App., 79 Pa. 257; Penna. R. Co. v. Sly, 65 Pa. 205; Mullen v. Traction Co., 20 W. N. 203; Philadelphia v. Railroad Co., 133 Pa. 134; Timlow v. Railroad Co., 99 Pa. 284.

*Mr. Thomas Hart, Jr.,* (with him *Mr. Gavin W. Hart,*) for the appellees.

Counsel cited: (1) Delaware Co.'s App., 119 Pa. 159; Cox v. Railroad Co., 11 W. N. 571; s. c. 10 W. N. 553; Black v. Railroad Co., 58 Pa. 249; Heffner v. Commonwealth, 28 Pa. 108; Buck Mountain Coal Co. v. Coal & N. Co., 50 Pa. 91;

Statement of Facts.

Sparhawk v. Railway Co., 54 Pa. 401; Gold v. Philadelphia, 115 Pa. 184; Bispham's Eq., § 39; Russell v. Baughman, 94 Pa. 400; McGrew v. Foster, 113 Pa. 642; Penna. R. Co.'s App., 125 Pa. 189; Evans's App., 81 Pa. 278; Mine Hill etc. R. Co. v. Lippincott, 86 Pa. 468; Pusey v. Wright, 31 Pa. 387; Gallagher v. Railroad Co., 38 Pa. 102. (2) Weise's App., 72 Pa. 351; Elbert v. O'Neil, 102 Pa. 302. (3) Phila. etc. R. Co. v. Williams, 54 Pa. 103; Bell v. Railroad Co., 1 Gr. 105; Mayor etc. v. Railroad Co., 26 Pa. 355; Bailey v. Miltenberger, 31 Pa. 37; Dobbins v. Brown, 12 Pa. 75; Ake v. Mason, 101 Pa. 17; Phila. & T. R. Co., 6 Wh. 25; Pittsburgh v. Railroad Co., 48 Pa. 355; Cleveland etc. R. Co. v. Speer, 56 Pa. 325; Struthers v. Railway Co., 87 Pa. 282.

PER CURIAM:

The decree is affirmed upon the opinion of the court below, and the appeal dismissed at the costs of the appellant.

Decree affirmed.