## Paton, Appellant, *v.* Clark et al.

*Equity jurisdiction—Accounts—Breach of contract—Assumpsit.*

Equity will not assume jurisdiction over a claim which in effect is merely for damages for breach of contract, nor over a cause in which the accounts are all on one side, and no discovery is sought.

Defendants were agents of a syndicate, which loaned to a railroad company a large sum of money. Plaintiff contributed one eighteenth thereof. The securities for the loan were deposited with defendants, and consisted of a note of the president of the company, and certain bonds of the railroad company as collateral to it. Shortly after the loan had matured, all the members of the syndicate except the plaintiff, at a meeting of which plaintiff had notice, agreed to extend the time for payment of the loan. Defendants accordingly did not proceed to collect the notes, and the fund was finally lost. *Held*, (1) that a bill in equity would not lie to compel defendants to pay to plaintiff his share of the loan, or damages for its loss ; and (2) that assumpsit was the proper remedy

Argued Jan. 13, 1893. Appeal, No. 161, July T., 1892, by plaintiff, Morton S. Paton, from decree of C. P. No. 3, Phila. Co., Dec. T., 1891, No. 778, sustaining demurrer to bill in equity in favor of defendants, E. W. Clark & Co. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Bill in equity for an account, etc.

The bill averred in substance : (1) That, on or about Jan. 20, 1888, plaintiff, with others, subscribed $5,000 towards a loan

of $93,000 to be made to the Buctouche & Moncton Railway Co. (2) That the contract referred to in the subscription agreement, between one de Bertram, the president of the said corporation, and E. W. Clark & Co., was entered into by the Clarks as agents for the subscribers. (3) That plaintiff paid his subscription. (4) That E. W. Clark & Co. made the loan, took the note of de Bertram for the amount of it, and received the bonds of the railway as collateral to the par value of $310,000. (5) That the loan was not paid at maturity and that no interest was ever paid to plaintiff. (6) That a meeting of the syndicate was called by the Clarks in February, 1889, under circumstances which made it impossible for plaintiff to be present. (7) That the meeting was held and that the members present affected to authorize an extension of the loan by the Clarks. (8) That upon notice of this action plaintiff protested against the extension, but that defendants, E. W. Clark & Co., made the extension, and have, from time to time, granted further indulgence, and, in spite of repeated calls by plaintiff to sue for and collect the loan, have neglected and failed to do so. (9) That, at the maturity of the loan, the said de Bertram was solvent, and the collateral was amply sufficient to realize the amount of the loan ; and that since that time de Bertram has been represented by defendants as having become insolvent, and that the security has been constantly decreasing in value, and that by the filing of claims for work and materials which take precedence of the lien of the mortgage, and by reason of wear and tear upon the railway property, the neglect of the said E. W. Clark & Co. has resulted in imperiling the interests of plaintiff. (10) That plaintiff has never received back all or any of his subscription or interest thereon. (11) That a demand for the subscription, with interest, has been made upon E. W. Clark & Co., which demand has not been complied with.

The bill prayed that E. W. Clark & Co. be directed to account to the plaintiff for his subscription with interest. Or, if the court should not see fit to decree an account, that an injunction should issue commanding E. W. Clark & Co. to proceed, by suit upon the note of the said de Bertram, and to take all proper steps in order to secure said loan. General relief.

Defendants demurred and assigned as reasons : (1) That

there are no complications of accounts to give a court of equity jurisdiction. (2) That defendants are not trustees of the note of de Bertram, but are, with plaintiff and other members of the syndicate, joint owners of said note. (3) That even if trustees, defendants are not bound to sue until indemnity has been tendered them. (4) That even if defendants were trustees, plaintiff should bring a suit himself, alleging the failure of the trustees to sue at his request after offer of proper indemnity and expenses.

The court sustained the demurrer, but filed no opinion.

*Errors assigned* were (1) in sustaining, and (2) in not overruling, demurrer.

*George Wharton Pepper*, for appellant.—The ground for invoking the jurisdiction of equity in this case is not " account," but the circumstance that plaintiff, a cestui que trust, charges defendant trustee with a breach of trust, and seeks to hold him personally responsible therefor. Defendants are trustees of the note for all the members of the syndicate : Wood's Byles on Bills, 158; Robson v. Rolls, 1 Mood. & R. 239; Lindley on Partnership, 601; Maitland v. Bateman, 13 L. J., N. S. (Ch.) 273 ; Natusch v. Irving, Gow on Partnership, p. 198.

Plaintiff is, in any event, entitled to an injunction without tender of indemnity : Kirby v. Mash, 3 Y. & C. 295 ; Booth v. Booth, 1 Beav. 125.

Plaintiff could not have brought suit upon the note for he was not a party to it, and was not entitled to possession of it : Kirby v. Marsh, 3 Y. & C. 295.

*John A. Brown, J. S. Clark* with him, for appellee.—This suit should have been brought at law and not in equity : Gloninger v. Hazard, 42 Pa. 401 ; Pittsburgh & Connellsville R. R. Co.'s Ap., 99 Pa. 177; McFadden v. Sallada, 6 Pa. 283 ; Bredin v. Kingland, 4 Watts, 420; Harker v. Whitaker, 5 Watts, 474 ; Wagner v. Peterson, 83 Pa. 238; Reeside's Ex'r v. Reeside, 49 Pa. 322,

Complainant, on his own showing, is not entitled to the mandatory injunction asked for.

OPINION BY MR. JUSTICE MCCOLLUM, July 19, 1893:

According to the averments of the bill filed in this case E. W. Clark & Co. were members and agents of a syndicate which in 1888 loaned to the Buctouche and Moncton Railway Company in Canada the sum of ninety-three thousand dollars for one year. The securities for the loan were deposited with Clark & Co., and consisted of the note of Louis G. de Bertram, payable to his own order and properly indorsed, and certain bonds of the railway company as collateral to it.

Morton S. Paton, the appellant, was a member of the syndicate having an interest of five thousand dollars in the loan, that being the amount subscribed for and paid by him. The respective holdings of the other members of the syndicate who furnished eighty-eight thousand dollars are not defined in the bill. It is not charged in the bill that Clark & Co. were in any default respecting the loan prior to its maturity, but it is claimed therein that when the loan matured it was their duty to institute proceedings for its collection, and because of their failure to do so they became liable to account to the appellant for his share of it. The explanation of their failure to collect is found in paragraphs 5, 6, 7 and 8 of the bill. From these it appears that the railway company was operated at a loss during the first year of the loan, and at its maturity the company was unable to pay any portion of the principal or interest of it. In consequence of this default, a meeting of the syndicate was held in February, 1889, to consider and determine what action should be taken. The appellant was notified of the meeting and the purpose of it, but found it inconvenient to attend it or any subsequent meeting for a like purpose. It was deemed advisable by the members representing eighty-eight thousand dollars of the loan to extend the time for the payment of it, and in granting the several extensions complained of Clark & Co. simply obeyed the orders of the syndicate, and adopted the course which in its judgment was best for the interests of all concerned. In so doing did they become liable to account to the appellant for his five thousand dollars with interest thereon from the date of the loan, or to a mandatory order to bring suit on the de Bertram note? If the liability to so account exists, is it enforceable in a court of equity?

In considering these questions it must be remembered that

the first and principal contention of the appellant is that Clark & Co. were his agents for the collection of his share of the loan and that their failure to collect it entitles him to a decree against them for the amount thereof. If it be conceded that the appellees were charged with the duty of collecting and paying to the appellant his share of the loan at its maturity, and because of their neglect of that duty they are liable to him for such share, it is not a necessary or logical sequence that his remedy is in a court of equity for an account. An action of assumpsit is well adapted to the enforcement of the liability in such case and affords an appropriate and adequate remedy. A claim which in effect is merely for damages for breach of contract cannot sustain a suit in equity for an accounting, 56 Mich. 447; and it is well settled that where the accounts are all on one side and no discovery is sought equity will not take jurisdiction: Gloninger v. Hazard, 42 Pa. 389; Passyunk Building Association's Appeal, 83 Pa. 441; Grubb's Appeal, 90 Pa. 228; and Pittsburgh & Connellsville R. R. Co.'s Ap., 99 Pa. 177. We think it is clear that a bill in equity will not lie to compel the appellees to pay to the appellant his share of the loan or the damages if any he has sustained in consequence of their failure to institute proceedings for its collection.

Does the bill present a case for an order on Clark & Co. to bring suit on the de Bertram note? The members of the syndicate are joint owners of the note, and it is the primary security for the loan. The appellant having less than an eighteenth interest in it, invokes the aid of a court of equity to defeat the action of his associates, and to compel suit at once on a note made and indorsed by a person now reputed to be insolvent. He acquiesced in these extensions three years before he instituted any proceedings in denial of the right of the syndicate to grant them, and in bringing this suit his principal purpose was to compel Clark & Co. to pay to him his share of the loan. It is only in case of his failure to hold them personally accountable for it that he prays for an injunction " commanding them to proceed by suit upon the note of the said de Bertram and to take all proper steps in order to collect said loan." It is obvious therefore that he regards their personal responsibility as preferable to the securities they hold for the syndicate and as affording him adequate protection for his claim. The ground

of their alleged personal liability to the appellant is that it was their duty to take measures for the collection of the loan at its maturity and that the action of the other members of the syndicate in reference to the extension was no justification or excuse for their failure to do so.   As we have already seen, if this contention is well founded he has an adequate remedy in assumpsit for any loss he has sustained by their neglect, and if it is not, the injunction prayed for should be refused, because the only basis for it is the alleged invalidity of the extensions.

For the reasons above stated we think the demurrer was properly sustained.

Decree affirmed and appeal dismissed at the costs of the appellant.