# Graeff v. Felix, Appellant.

*Equity—Equitable jurisdiction—Title to public office—Quo warranto.*

Public officers de facto exercising their functions under a statute which had been for years acted upon as the existing law, cannot have the title to their offices determined by a bill in equity filed for the purpose of enjoining them from doing an official act. Quo warranto is the proper remedy.

*Equity—Equity pleading—Fraud—Public offices.*

A bill in equity to enjoin a board of water commissioners from purchasing certain land does not sufficiently aver fraud by stating that after the ordinance authorizing the purchase of the land had been passed, a certain person named purchased the land from the four owners of the land at a price named, and that thereafter the board of water commissioners purchased the property from this person for a sum $3,500 in advance of what he paid for it. In such a case there is nothing at all to show collusion or fraudulent combination between the commissioners and the purchaser, inasmuch as the latter may have been a sharp observer who stepped in and got an option on the land while the commissioners were considering the purchase. Fraud must be clearly averred, and not left to mere inference.

Courts have no power to interfere with the expenditure of public money by a municipality for purposes within its municipal discretion, at the instance of a tax payer charging that the expenditure is unlawful, extravagant and wasteful.

*Equity—Equity jurisdiction—Final determination of the whole subject in controversy.*

The rule that equity having acquired jurisdiction of a case may decide all matters incidentally connected with it, does not apply to a case where only some incidental matter is of equitable cognizance, and it is sought to draw in a main subject of controversy which has a distinct and appropriate legal remedy of its own.

Argued March 6, 1901. Appeal, No. 75, Jan. T., 1901, by certain defendants, from decree of C. P. Berks Co., Equity Docket 1900, No. 771, on bill in equity in case of Moses K. Graeff v. George H. Felix, Frederick P. Heller, Matthan Harbster and Israel S. Fry, claiming to be the Board of Water Commissioners of the city of Reading, the City of Reading and Joseph P. O'Reilly. Before McCollum, C. J., Mitchell, Fell, Brown and Mestrezat, JJ. Reversed.

Bill in equity for an injunction.

The facts sufficiently appear by the opinion of the Supreme Court.

**138**        ·      GRAEFF *v.* FELIX.

*Error assigned* was the decree awarding an injunction.

*Cyrus G. Derr*, with him *Henry Maltzberger* and *William J. Rourke*, for appellants.

*George F. Baer*, for appellee.

OPINION BY MR. JUSTICE MITCHELL, July 17, 1901:

This decree must be reversed for want of equitable jurisdiction over the subject-matter of the controversy.

The bill was filed by a citizen and taxpayer of the city of Reading to enjoin the board of water commissioners organized and holding office under the Act of March 21, 1865, P. L. 455, from the purchase of certain property adjoining the Hampden reservoir. It appeared by the bill that the purchase had been duly authorized by the city councils, and the money appropriated to the water commissioners for that purpose. The gravamen of the bill, however, was that the purchase was an illegal expenditure of the public money, because the water commissioners, were no longer legally in office by reason of the repeal of the Act of May 23, 1889, art. 12, P. L. 308, providing for the incorporation and government of cities of the third class.

The bill further charged upon information and belief that "the real purpose of the purchase of said tract of land was not for the extension of the waterworks, but was intended to beautify the surroundings of the Hampden reservoir and practically convert it into a park. That the said tracts of land are not necessary for any legitimate purposes of or pertaining to the waterworks. The scheme of purchase is an unlawful, extravagant and wasteful expenditure of public money." As the city has power to purchase for a park as well as for waterworks, and as the expenditure of the public money for either purpose is a matter of municipal discretion committed to the councils and not requiring the consent of individual taxpayers or the courts, it is manifest that this charge is a mere makeweight which adds nothing to the bill.

The bill, however, after reciting the ordinance authorizing the purchase of the Livingood and other lands, charged as follows:

"7. That instead of purchasing the property from Messrs. Livingood, Leas, Clay and Beidler, who at the time of the pas-

sage of the ordinance were the owners thereof, one Joseph P. O'Reilly, of the city of Reading, purchased from the then owners some of the several tracts of land specified in the item referred to in the preceding paragraph for the aggregate sum of $8,550.

"8. That on April 3, 1900, the board of water commissioners authorized the purchase of said property from the said Joseph P. O'Reilly for the sum of $12,000, and on April 28, 1900, they caused a warrant for the said sum to be made out to the said Joseph P. O'Reilly in payment of the said purchase."

This if properly pleaded would be a charge of fraud and a clear ground for equitable intervention. But it is not well pleaded. Fraud must be clearly averred, not left to mere inference. So far as the averments of the bill go there is nothing at all to show collusion or fraudulent combination between the commissioners and O'Reilly. He may have been merely a sharp observer who stepped in and got an option on the land while the commissioners were considering the purchase. Notwithstanding its want of precision, however, had the court regarded this as a substantive part of the bill, it should have given the defendants an opportunity to answer and deny the fraud. But on demurrer by the defendants setting up that the act of 1865 was not repealed, that the city of Reading had the power to purchase, and that the bill made no case for equitable relief, the court not only decreed for the plaintiff, but went far beyond the prayer of the bill, declaring the act of 1865 repealed, restraining the defendants from acting as water commissioners or attempting to manage the affairs of the water department, and commanding the city councils to establish a water department under the act of 1889.

From the terms of the bill, as well as the treatment of it by counsel and the court, it is plain that its real and substantial purpose was to get a decision that the act of 1865 was repealed by the act of 1889, and that the commissioners had thus been legislated out of office. This is not the province of a bill in equity. The commissioners were officers de facto, exercising their functions under a statute which had been for years acted upon as the existing law. The proper remedy to try the validity of their title under such statute was by quo warranto.

It is quite true as held by the learned judge below that equity having acquired jurisdiction of a case may decide all matters

incidentally connected with it, so as to make a final determination of the whole subject, but this rule does not extend to a case where only some incidental matter is of equitable cognizance, and thereby enable the court to draw in a main subject of controversy which has a distinct and appropriate legal remedy of its own. That is the present case. The only subject of equitable cognizance in the case is fraud in the contemplated purchase, which is a mere incident to the main purpose of the bill, and is only pleaded inferentially.

As it may be, however, that this inadequate averment of the fraud was the accidental result of the supposed superior importance of the question of repeal of the act of 1865, plaintiff if he desires really to contest the alleged fraud, may apply to the court below to withdraw that part of his bill so that it may not become res adjudicata by the decree in the present case. Subject to such leave the decree is reversed, the injunction dissolved and the bill directed to be dismissed with costs.