# Sherman, Appellant, *v.* Delaware & Atlantic Telegraph & Telephone Company.

*Equity—Equity jurisdiction—Discovery—Action at law—Demurrer—Fraud.*

A complainant in a bill in equity who was a defendant in an action at law has no standing to maintain a bill for discovery only, where it appears that he voluntarily, and to protect his interest terminated the action at law by paying the debt, interest and costs; nor is such a complainant entitled to a decree consolidating the action at law with the bill.

488 SHERMAN, Appellant, v. TELEG. & TELEP. CO.

Where a defendant in an action at law in order to protect his leasehold estate pays the debt, interest and costs, and does this voluntarily, and without having been subjected to fraud or duress, he cannot maintain a bill in equity to recover back the money.

A general allegation of fraud in a bill in equity is insufficient, even upon demurrer, if the facts and circumstances relied upon to support the allegation do not constitute a fraud.

A bill in equity by a tenant, which contains no allegation of facts sufficient to establish fraud, will be dismissed, where the prayer is that the defendant be enjoined and restrained from proceeding before any justice of the peace or otherwise, to recover possession of the premises until the termination of the lease, so long as the plaintiff promptly pays when due, the rent secured thereby.

Argued Nov. 21, 1907. Appeal, No. 153, Oct. T., 1907, by plaintiff, from decree of C. P. Chester Co., No. 472, in equity, dismissing bill in equity in case of Solomon Sherman v. The Delaware & Atlantic Telegraph & Telephone Company and Frank Mauran. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Bill in equity for discovery and an injunction.

HEMPHILL, P. J., filed the following opinion:

The question raised by the demurrer is: Do the facts averred and which must be treated as verity, entitle the plaintiff to the relief prayed for?

The facts alleged are: That the plaintiff is the lessee and occupant of premises No. 120 East Market street, in the borough of West Chester, under a lease from Elizabeth G. Allen for a period of five years from April 1, 1904.

The premises were subject to a judgment lien of $250, entered April 5, 1904, and marked to the use of Frank Mauran, of Philadelphia, on May 3, 1906. On May 21, 1906, in pursuance of a prior agreement, Elizabeth C. Allen and Brinton G. Allen, the owners, sold and conveyed said premises to the Delaware and Atlantic Telegraph and Telephone Company, for the sum of $4,000, deducting therefrom the principal and interest due on the judgment referred to and causing the same to be transferred and assigned to its agent, Frank Mauran.

On June 2, 1906, the said Frank Mauran issued a writ of scire facias on said judgment against the defendants named therein, and the Delaware and Atlantic Telegraph and Telephone Company and Solomon Sherman as terre-tenants.

To this writ, Solomon Sherman, on June 19, 1906, made an affidavit of defense, in which, after setting out his leasing and occupancy of the premises and the sale and purchase of the same by the Delaware and Atlantic Telegraph and Telephone Company in the manner above set forth, he alleges that the said Frank Mauran has no right, title or interest in said judgment, paid no part of the consideration for the transfer of the same to him and is not entitled to revive the same, and that the proceeding is brought by him as the agent of the Delaware and Atlantic Telegraph and Telephone Company, for the purpose of depriving Solomon Sherman of his rights as lessee and not to recover the debt secured thereby, which has been fully paid.

On July 20, 1906, the said Frank Mauran entered judgment by default against the defendants and the Delaware and Atlantic Telegraph and Telephone Company as terre-tenant, for $252.08, and said defendants and terre-tenant, afterwards waived condemnation; whereupon the plaintiff in order to preserve his possession of said premises paid to the said Frank Mauran $278.26 in full of said judgment debt, which was received by the attorneys of the Delaware and Atlantic Telegraph and Telephone Company.

On September 21, 1906, the plaintiff filed a supplemental affidavit of defense, in which he avers that since the filing of his first affidavit of defense, a writ of fieri facias upon said judgment had been issued and the said premises levied upon; that the said Delaware and Atlantic Telegraph and Telephone Company waived inquisition thereon, and that in order to protect and defend his rights of possession of said real estate, he, on August 1, 1906, paid to the sheriff of Chester county the sum of $278.26, in satisfaction and payment of the debt, interest and costs due on said judgment. That when the case (Mauran v. Allen) was placed upon the trial list, Mauran entered a rule to show cause why said case should not be stricken

from the list, which was returnable December 10, 1906, when it was continued to March Term, 1907—and then as the court records show, was made absolute.

On December 20, 1906, the Delaware and Atlantic Telegraph and Telephone Company notified the plaintiff to vacate said premises on April 1, 1907, and the plaintiff avers that he is informed and believes that said company by its officers and agents have threatened and intend by force and fraud to eject him from said premises on April 1, 1907; that the action so threatened is by proceedings to recover possession under the act of December 14, 1863, to be brought before a justice of the peace owned and controlled by said company, who will enter a fraudulent judgment in favor of said company and against said defendant, from which an appeal will not be a supersedeas to the warrant of possession to be issued thereon.

Upon the foregoing facts and assumptions of the plaintiff, he prays for relief as follows:

1. For discovery.

2. That said defendant company be restrained from proceeding to recover possession of said premises until the termination of plaintiff's lease (April 1, 1909) so long as he promptly pays his rent when due.

3. That this bill be consolidated with the proceedings of the scire facias sur judgment, No. 21, August Term, 1906, and if upon final hearing it be found that the amount of said judgment has been paid or deducted from the purchase money due Elizabeth C. Allen and Brinton G. Allen by the Delaware and Atlantic Telegraph and Telephone Company, and that by its agent, Frank Mauran, it unjustly, illegally and fraudulently compelled the plaintiff to pay said sum of $278.26 to said company or its attorney; that it be ordered and decreed to repay said sum to said plaintiff or be deducted from the rent when due and payable.

4. For such other and further orders as justice and equity may require.

#### CONCLUSIONS OF LAW.

The question, therefore, as we stated at the outset, is,—Do

the facts averred, and which we have recited at some length, entitle the plaintiff to the relief prayed for?

That he is not entitled to a decree for discovery, pending demurrer, would seem clear. It is not asked for to assist the plaintiff in a common-law action to which he is a party, and is not demandable in this proceeding until after defendant's answers are filed, as they might render such a decree unnecessary.

Nor has this court the power to restrain the defendant company from proceeding to recover possession of the premises, under the landlord and tenant act of December 14, 1863. It is a statutory remedy given landlords to recover possession of their premises, and protects the rights of tenants by appeal and certiorari, which, if not ample, cannot be enlarged by the courts, but the legislature only.

There can be no consolidation of the scire facias sur judgment proceedings, No. 21, August Term, 1906, with this bill, for none exists; they were terminated by payment of the debt, interest and costs, and by making the rule to show cause why the case should not be stricken from the list, absolute.

Nor can we require the defendant company to repay to the plaintiff the $278.26, which he paid to the sheriff. It was a voluntary payment, made without duress, and as the plaintiff says, "in order to protect and defend his rights of possession of said real estate."

The real estate in question was subject to a lien of a judgment for $250, which antedated both the plaintiff's lease and defendant company's deed. This judgment was assigned to Frank Mauran, acting as the agent of the defendant company, thus preventing a merger. To secure early possession of the premises and not await the termination of plaintiff's lease, it has its agent sue out the judgment; when the plaintiff, to defeat its purpose and preserve his possession of the premises, saw fit to voluntarily pay off the same.

There was nothing illegal in the proceedings, and the plaintiff has no cause to complain, when he was free to, and did select the course that he deemed the best for the protection

of his own interests. There was no duress or compulsion exercised by the defendant, compelling him to pursue that, rather than some other course.

There is nothing whatever to sustain what may be termed the conspiracy clause, set forth in paragraph eight of the bill.

The averments therein contained, the plaintiff says, are made on information and belief, but fails to state the source of his information, or what it was. Nor does he name the justice of the peace who, he represents, is so corrupt and unscrupulous as to be "owned and controlled by the said company," and who, he alleges, will, in violation of his oath of office, give a "fraudulent judgment" in favor of said company.

These bitter and virulent allegations, wholly unsupported by any statement of facts, are too vague and general to merit consideration.

For the reasons above set forth, the demurrer must be sustained and the bill dismissed at the costs of plaintiff.

*Error assigned* was decree dismissing the bill.

*George B. Johnson*, with him *Granville L. Rettew* and *Harris L. Sproat*, for appellant.—The court cannot take notice of an extraneous fact depriving the bill of its equity, nor can it consider documentary evidence on file in the case: Fitzsimmons v. Lindsay, 205 Pa. 79; Mills v. Larrance, 186 Ill. 635 (58 N. E. Repr. 219).

The relief prayed for was not against a legal proceeding, but was based upon a fraudulent abuse of legal process in which the defendant company had taken the first step and threatened to accomplish its purpose by force and fraud before a tribunal without jurisdiction: Brown's App., 66 Pa. 155; Poore v. Price, 5 Leigh. (Va.), 52; Shelton v. Tiffin, 47 U. S. 163.

If the relief sought by the bill is based on fraud, the bill will not be demurrable unless it shows on its face not only that suit was not brought within the statutory period, but also that the statutory period has elapsed since complainant

discovered the fraud: Sheldon v. Keokuk Northern Line Packet Co.; 8 Fed. Repr. 769, 777; Jones v. Slauson, 33 Fed. Repr. 632; Johnson v. Powers, 13 Fed. Repr. 315; Venango County v. Penn Bridge Co., 14 Pa. Dist. Rep. 221; Shelton v. Tiffin, 47 U. S. 163.

*Isabel Darlington*, with her *Thomas S. Butler* and *Joseph H. Baldwin*, for appellees, cited: Brown's App., 66 Pa. 155; Ditman v. Raule, 134 Pa. 480.

OPINION BY RICE, P. J., July 15, 1908:

This is an appeal from a decree sustaining defendants' demurrer and dismissing the plaintiff's bill. The opinion filed by the learned judge below gives a good understanding of the issues raised by the demurrer, and renders unnecessary a detailed restatement by us of the averments of the bill. Appellant's counsel are technically right in saying that the fact that the court struck the scire facias case from the trial list could not be taken into consideration upon the hearing of the demurrer, because that did not occur until after the demurrer was filed. But so far as the bill is to be regarded as a bill of discovery in aid of that action at law, the fact that it had not been stricken from the trial list at the time the bill was filed, is immaterial. The scire facias was upon a judgment which was a lien upon the land when the plaintiff in the bill acquired his leasehold estate therein. He was brought into the case as terre-tenant, and set up a defense which, if good, was available in that case. If he needed the aid of a bill of discovery in making his defense, then was the time to present it. Instead of doing so, he paid the judgment, debt, interest and costs, and this appears in the bill itself. It is stated in the brief of argument that he paid under protest, having first demanded an assignment of the judgment, but we find neither of these facts averred in the bill. Having thus terminated the action at law, a bill for discovery only would not lie: Cardale v. Watkins, 5 Madd. Rep. 19; Collom v. Francis, 1 Pars. 527; Story's Equity Pl. (10th ed.) sec. 321. For the same reason, if for no other, the plaintiff in the bill was not in position to de-

mand a decree consolidating the bill with the action at law he had terminated.

But it is claimed that the circumstances under which he paid the money were such that he is entitled to relief in equity. The material averments upon that subject are that judgment in the scire facias having been entered by default against the defendant in the judgment, and the other terre-tenant, but not against him, and execution having been issued thereon, upon which they waived condemnation, he was compelled to pay in order to preserve his possession of the premises. But as he had been made a party to the scire facias and had set up a defense, it is not clear how his right could be prejudicially affected by an execution against the other parties to the suit, issued in advance of a hearing upon and an adjudication of his defense. Nor, even if it be conceded that the course of procedure after judgment against the defendants in the original judgment and the other terre-tenant tended to prejudice his interest, is it apparent that he did not have an adequate remedy by application to the court in the very case to which he had been made a party, to restrain or control the execution until his defense could be heard. But, so far as appears, he did not ask the aid of the court in any form. It is also shown by his original and supplemental affidavits of defense, which were made a part of the bill, that he paid the money with full knowledge of all the facts he now sets up as ground for equitable relief. Having paid the money under such circumstances, he must be deemed to have elected to rely on such remedy as the law affords him to recover it back. We do not intimate that the law affords him a remedy; that question is not before us. It is enough for present purposes to show that his bill does not disclose a payment of money under such circumstances of fraud and duress as entitles him to the aid of a court of equity to recover it back. In arriving at that conclusion we have not overlooked what the learned counsel have said upon the subject of demurring to a bill alleging fraud as a ground of relief. What the purchaser of the land attempted was to prevent a merger of the judgment (which was a lien when Sherman leased) with the fee, by having it assigned to a third

party. Whether this could or could not be done effectually, so as to keep the judgment in life, and enforce it notwithstanding Sherman's tenancy, it was not a fraud upon him for the purchaser of the fee to assert the right and make the attempt to exercise it. The case, as we view it, falls within the general principle of equitable pleading that a general allegation of fraud in a bill is insufficient, even upon demurrer, if the facts and circumstances relied upon to support the allegation do not constitute a fraud.

The second prayer of the bill is that the defendant be enjoined and restrained from proceeding "before any justice of the peace," or otherwise, to recover possession of the premises until the termination of the lease, so long as the plaintiff promptly pays, when due, the rent secured thereby. The relief here prayed is based on matters independent of the proceedings on the judgment above referred to. The issue that would be presented by a proceeding before a magistrate is whether the landlord, or one standing in his place, can eject a tenant before the expiration of his term, he not being in default in any way. Surely it cannot be said that the question presented would be a complicated one and, therefore, a court of equity would be justified in interfering upon the ground of the inadequacy of the statutory remedy. The decision in Kaufmann v. Liggett, 209 Pa. 87, has no application to such a case. If equity has jurisdiction, it is upon the ground and subject to the limitations thus stated by Chief Justice MITCHELL in Denny v. Fronheiser, 207 Pa. 174: "The jurisdiction of equity to restrain actions at law is too well established to require discussion, and there is nothing in the act of 1772, to give proceedings under it any immunity from such restraint in a proper case. But the limitations of interference by equity are as well settled as the jurisdiction itself. The case must fall within some one or more of the recognized categories of fraud, accident or mistake," etc. But as was said in that case, so it may be said in this case, the allegations of fraud scarcely come up to the required standard. The charges in both cases are somewhat similar. It is charged in the present case: "that your orator is informed, believes and upon such information avers

that the said company, by its officers and agents have threatened and intend by force and fraud to eject him from the possession of said premises on April 1, 1907, in violation of his rights under said lease.　That the action threatened as aforesaid is a proceeding to recover possession under the act of December 14, 1863, before a justice of the peace owned and controlled by said company, from and against whose fraudulent judgment which said company threatened to obtain, an appeal will not be a supersedeas to the warrant of possession to be issued thereon, by which fraudulent means said company threatens to and expects to dispossess your orator." This is a most extraordinary charge to bring, and ought to be as clear and specific as it is within the power of the plaintiff in a bill to make it, in order to justify a court of equity in interfering in advance of any proceeding being brought.　But, it will be observed, the bill fails to state the source of the plaintiff's information as to the threats alleged to have been made by the defendant, or the name of the corrupt magistrate who is "owned and controlled" by the defendant, or that he is unable to give his name.　The charge furnishes no ground for an injunction to restrain the defendant from proceeding before any magistrate whomsoever, as the bill prays.　When such proceeding is instituted, it will be time enough to call upon a court of equity to interfere with the course of law upon the ground that the magistrate before whom the proceeding is instituted is "owned and controlled" by the plaintiff therein.

The decree is affirmed at the appellant's costs.