Ramage, Appellant, v. Cohn.

526

Argued October 28, 1936.

Before KELLER, P. J., CUNNINGHAM,
BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Edward Tolen,* for appellant.

*Charles J. Weiss,* for appellee.

OPINION BY BALDRIGE, J., January 29, 1937:

This appeal is from the refusal to strike off a nonsuit in an action of trespass.

The plaintiff and one Albert Clark had a claim against the Fidelity-Philadelphia Trust Company for commissions upon the sale of certain property. Clark retained the defendant attorney to represent them, and advised plaintiff, in writing, that the defendant had

agreed to accept their case upon a contingent fee basis, and that the amount collected, less fees, would be equally divided between them. At the suggestion of the defendant, suit was brought in the name of Clark, with whom the trust company had actually dealt, and resulted in a settlement of $10,000. Releases were signed by both plaintiff and Clark, and the defendant obtained a check to their joint order for $10,000. He wrote to the plaintiff and Clark to meet at his office for the purpose of endorsing the check and making distribution. The plaintiff appeared at the appointed time, but Clark did not. Plaintiff testified that he endorsed the check and left it with the defendant under specific instructions "not to surrender the check [to Clark] until he obtained $4250.00 for me, and to mail the check to my home address." The defendant was shown Clark's letter as to the division of the proceeds and agreed to do as plaintiff requested.

The defendant, called as for cross-examination, admitted the above facts, and stated further that he gave the settlement check to Clark in his office in New York City, received his fee, and requested Clark, whom he said he trusted, to send his check to plaintiff for $4,250; that Clark said he would do so. Clark sent the plaintiff $3,500, not $4,250. The plaintiff brought this action which ended in the trial judge's entering a nonsuit.

The gist of the plaintiff's action is, that the defendant, as his attorney, was guilty of a breach of duty in violating express instructions regarding delivery of the check to Clark.

The defendant contends that even if there was a violation of instructions, such a failure upon his part was not the cause of plaintiff's loss; that the division of the money was solely a matter between Clark and Ramage; that as he had acted in good faith he was absolved from liability; if plaintiff sustained a loss, it was due to Clark's wilful conduct and he must seek a recovery

from him. This argument, adopted by the court below, is, we think, not tenable.

In *Miller v. Wilson*, 24 Pa. 114, 120, Chief Justice BLACK, in delivering the opinion of the court, said: "The argument is, that the plaintiff has not as yet suffered any actual loss from the defendant's violation of duty; and that she can recover from Miller [defendant] only in case Carson [mortgagor] makes default ...... But we hold it for clear law, that Miller ...... subjected himself to an immediate action, in which the plaintiff may recover compensation for all she has lost, and all she is likely to lose, through his misconduct."

The plaintiff was fully justified in trusting his attorney to distribute the funds in his hands in accordance with the peremptory instructions given him. It was not a situation where the defendant was warranted in using his own discretion; he had received express directions what to do. The relationship of client and attorney, one of special trust and confidence, had not changed or ceased when the settlement of the case was effected; the defendant was to do something further in plaintiff's behalf. In agreeing to follow plaintiff's instructions in the handling of the fruits of the litigation, he knew that the plaintiff was relying on him. In such a situation, he was bound to use reasonable care so that plaintiff's interests would be safeguarded: *Lawall v. Groman*, 180 Pa. 532, 37 A. 98. "An attorney's duty, where he is specially instructed, is to follow the instructions of his client, except as to matters of detail connected with the conduct of the suit, and he is liable for all losses resulting from his failure to follow such instructions with reasonable promptness and care": 6 C. J. §234, p. 704. It is also stated in that same volume, at sect. 223, p. 695, that while an attorney is not liable for moneys passing through his hands as a mere intermediary and subsequently misappropriated by a third person selected by the client to receive it, "he

is liable for money lost in transmission contrary to his client's instructions."

The defendant raises the further point that even if Clark had given his check to him for delivery to the plaintiff, Clark could have refused to honor it. The plaintiff's response is that he did not specify the defendant was to get Clark's check, but $4,250. If the defendant, however, had received Clark's own check and delivered it, the plaintiff would have acquired a chose in action with the rights incident thereto.

Whether the defendant used the reasonable care that the circumstances required was eminently a question of fact for the jury's consideration.

Judgment of the lower court is reversed, with a procedendo.