Bohus, Appellant, *v.* Bacher.

Argued October 5, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER and RHODES, JJ.

*Howard M. Kuehner,* for appellant.

*Roland C. Heisler,* with him *Drinker, Biddle & Reath,* for appellee.

168

PER CURIAM, November 18, 1938:

Plaintiff's bill in equity, filed February 15, 1938, averred that defendant was a licensed real estate broker who acted as her agent in her real estate loans and transactions; that defendant obtained $900 from her which was to be used for a loan to Harry Sumser and his wife, who were the owners of property No. 6743 Martins Mill Road, Philadelphia; that said loan was to be used to pay off the balance due on an existing building and loan mortgage, and was to be secured by a judgment note, which, when the building and loan mortgage was satisfied, would be a first lien on the Sumsers' real estate; that said judgment note was executed by Harry Sumser and his wife on January 23, 1932, but was not entered of record as a judgment until February 1, 1932, and in the meantime, to wit, on January 28, 1932, the said Harry Sumser and his wife executed a mortgage to one Henry Aurisch and Bertha, his wife, in the sum of $2500, which was recorded the same day and became a first lien on the mortgagors' real estate; that the said mortgaged premises have no equity over and above said first mortgage and the Sumsers are financially irresponsible; and that plaintiff was not aware until 1936 that she did not have a first lien on the property No. 6743 Martins Mill Road. The bill further averred that defendant had "breached or exceeded his authority by failing to record the note of Harry Sumser and Kathryne, his wife, before the mortgage was recorded"; and that plaintiff had called upon defendant to account for and repay the said sum of $900 and that he had refused and still refuses to do so. The prayers of the bill were:

(a) To declare the defendant a trustee for the sum of $900 which was to be invested as a first lien on premises 6743 Martins Mill Road.

(b) To compel defendant to account for the sum of $900.

(c) To surcharge the defendant trustee the full sum of $900 entrusted to him.

The defendant objected preliminarily to the bill, under Equity Rule 48, for the reason, that upon the facts averred plaintiff had a full, complete and adequate remedy at law.

After hearing had, the court certified the case to the law side of the court for further proceedings, in accordance with Equity Rule 49. The plaintiff appealed. The order will be affirmed.

The facts averred in the plaintiff's bill make out a simple case of principal and agent, relating to a single transaction, involving the investment of $900 by her agent on her behalf, in the course of which the plaintiff had suffered damages in the amount of $900, by reason of her agent having breached or exceeded his authority. It falls within none of the instances so clearly summarized by the present Chief Justice in the case of *Williams v. Finlaw, Mueller & Co.*, 292 Pa. 244, 247, 141 A. 47, in which the remedy at law was held to be inadequate and therefore resort was permitted to a court of equity for an accounting; it comes rather within the cases cited on page 249 in which an accounting in equity was denied.

See also *Paton v. Clark*, 156 Pa. 49, 50, 53, 27 A. 116; *Paul v. Grimm*, 165 Pa. 139, 30 A. 721, *Graham v. Cummings*, 208 Pa. 516, 57 A. 943; *Millingar v. Hartupee*, 53 Pa. 362, 372; *Ramage v. Cohn*, 124 Pa. Superior Ct. 525, 527, 189 A. 496.

The order is affirmed at the costs of the appellant.