Young et al., Appellants, *v.* Board of Adjustment
of Wilkinsburg Borough et al.

Argued March 27, 1944. Before MAXEY, C. J., DREW,
LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*John E. Evans, Jr.,* of *Evans, Evans & Spinelli,* for appellants.

*Herbert Patterson,* for appellee, Board of Adjustment of Borough of Wilkinsburg.

*Ralph H. Demmler,* with him *Ernest Frey* and *Reed, Smith, Shaw & McClay,* for appellees, property owners et al.

OPINION BY MR. JUSTICE LINN, May 22, 1944:

Plaintiff property owners, who are the appellants, charge in their bill that the Board of Adjustment granted a permit authorizing the conversion of a house from a one-family into a four-family dwelling in violation of the zoning ordinance; that the Board acted without a meeting, without a hearing, without keeping records, without giving "public notice" and without giving "due notice" and ". . . without proceeding in a proper legal manner as required by the General Borough Act," and that no ". . . decision within the terms and meaning of the General Borough Act, or of the said Zoning Ordinance was ever reached by the Board of Adjustment in connection with the issuance of the said permit." Plaintiffs asked that the permit be set aside and defendants restrained from acting in accord with it.

On preliminary objections, the bill was dismissed, the decree stating that ". . . plaintiffs . . . [have] indicated that amendment could not be made to present a different case."

The Act of June 29, 1923, P. L. 957, section 7, as amended by the Act of April 17, 1929, P. L. 529, section 1, 53 PS section 15737, provides: "Any person or persons, jointly or severally, aggrieved by any decision of the board of adjustment, or any taxpayer . . . may present to a court of record a petition, duly verified, setting forth that such decision is illegal in whole or in part, specifying the grounds of the illegality. Such petition shall be presented to the court within thirty days after the filing of the decision in the office of the board."

Defendants object that the bill is defective for want of averment of facts to support a finding that plaintiffs had not been advised of the granting of the permit in time to appeal from the action of the Board pursuant to the statute.

Passing the averments of mere legal conclusions, the serious defect is the failure to aver when plaintiffs learned of the Board's action; if they knew in time to proceed under the statute, its provisions required them to do so. In *Colteryahn San. Dairy v. Milk Con. Comm.*, 332 Pa. 15, 23-24, 1 A.2d 775, we said: "It is well settled under the Act of March 21, 1806, P. L. 558 [4 Sm. L. 326], section 13, that where statutory remedies are provided, the procedure prescribed by the statute must be strictly pursued, to the exclusion of other methods of redress: *Bowman v. Gum, Inc.*, 321 Pa. 516; *Commonwealth ex rel. v. Margiotti*, 325 Pa. 17, 32. This is particularly true of special statutory appeals from the action of administrative bodies: *White et al. v. Old York Road Club et al.*, 318 Pa. 346; *Taylor v. Moore*, 303 Pa. 469; *Ermine v. Frankel et al.*, 322 Pa. 70." See also *Derry Twp. Sch. Dist. v. Barnett Coal Co.*, 332 Pa. 174, 2 A.2d 758. If the proceedings of the board which resulted in the permit were conducted in such way that plaintiffs were deprived of the right to appeal to the common pleas, they should have set forth the facts from which their right to equitable relief would appear. A bill is demurrable if it discloses that plaintiff has an

adequate remedy at law: *Paton v. Clark,* 156 Pa. 49, 27 A. 116; it is demurrable if material allegations necessary to sustain it are omitted: *Ferguson v. Yard,* 164 Pa. 586, 30 A. 517; *Kemble v. Phila. G. & N. R. Co.,* 140 Pa. 14, 21 A. 225. Such defense may now be raised by preliminary objections. The bill should aver a case cognizable in equity: compare *Thompson's Appeal,* 126 Pa. 367, 371, 17 A. 643; *Sherman v. Delaware & Atlantic Tel. & Tel. Co.,* 36 Pa. Superior Ct. 487, 495; *Graeff v. Felix,* 200 Pa. 137, 49 A. 758. Plaintiffs have not averred sufficient ground to support their election to reject the statutory procedure. Other suggestions made in appellants' argument need not be discussed.

Decree affirmed at appellants' costs.