## Scranton, Appellant, v. Lackawanna County.

*Public officers—County auditors—County controller—Compensation of county treasurer.*

The duties and powers of county auditors and county controllers are substantially the same, and where a controller is substituted for county auditors, he performs the duties of the latter under section 41 of the Act of April 15, 1834, P. L. 537, which requires county auditors to approve

the compensation of the county treasurer as fixed by the county commissioners.

Under the Act of April 15, 1834, P. L. 537, sec. 41, which provides that the county treasurer shall receive as his compensation "a certain amount per cent on all moneys received and paid by him which rate shall be settled from time to time by the county commissioners with the approbation of the county auditors," a fixing of the compensation each year is a judicious exercise of the power conferred by the act.

Where the county commissioners and the county controller in joint session resolve that "the county treasurer be allowed the same commissions for the ensuing year as that allowed the past year," the compensation so fixed cannot be extended beyond the year named without additional action by the county commissioners and the county controller. If the commissioners and controller fail or neglect to fix a rate of compensation after the expiration of the year, the county treasurer has his remedy under the Act of April 16, 1875, P. L. 54, by appeal to the common pleas, and this remedy is exclusive.

Argued Feb. 19, 1906. Appeal, No. 247, Jan. T., 1905, by plaintiff, from judgment of C. P. Lackawanna Co., Sept. T., 1903, No. 265, for defendant on case stated in suit of Joseph A. Scranton v. County of Lackawanna. Before MITCHELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Case stated to determine compensation of county treasurer.

The case stated was as follows :

1. The last county auditors of said county were elected in November, 1899, and their term of office expired on the first Monday in January, 1903. There are no such officers as county auditors in said county since the last mentioned date.

2. Under the act of 1895, a county controller was elected in said county in November, 1901, for a term of three years, and was duly installed in said office the first Monday in January, 1902.

3. The compensation of the treasurer of Lackawanna county for services on behalf of said county has been received under the provision of section 41 of the Act of April 15, 1834, P. L. 537, which section reads as follows :

"Each County Treasurer shall receive in full compensation for his services on behalf of the county a certain amount per cent. on all moneys received and paid by him, which rate shall be settled from time to time by the County Commissioners, with the approbation of the County Auditors."

4. The present county commissioners were elected in November, 1902, and were installed in office on the first Monday in January, 1903, after the expiration of the term of office of the aforesaid county auditors.

5. The plaintiff was elected treasurer of the county of Lackawanna in November, 1900, and was duly and regularly installed in his office, pursuant to law, on the first Monday in January, 1901, and his term of office will expire on the first Monday in January, 1904.

6. On the first Monday in January, 1902, the county commissioners and auditors, by action taken in joint session, settled the compensation of the county treasurer by the following resolution: " That the County Treasurer be allowed the same commissions for the ensuing year as that allowed the past year, to wit:

For the receiving of county money . . . . . $2\frac{1}{4}\%$
For disbursing county funds . . . . . . . $2\frac{1}{4}\%$
For redemption of bonds . . . . . . . . . $1\frac{3}{4}\%$"

7. The plaintiff from the time of his installation in office up to the first Monday in January, 1903, received the compensation fixed by the county commissioners and county auditors as aforesaid.

8. A meeting of the county commissioners was fixed for March 27, 1903, for the purpose of fixing the compensation of the county treasurer, and the county controller was notified to be present. The commissioners met for the said purpose and the county controller was present; and the following resolution was on motion adopted:

" That the rate or amount of compensation which shall be allowed the County Treasurer in full compensation for his services on behalf of the county on all moneys received or paid out by him from January 6th, 1903, to this date, March 27th, inclusive, be as follows:

On all moneys received . . . . . . . . . . . $2\frac{1}{4}\%$
On all moneys paid out . . . . . . . . . . . $2\frac{1}{4}\%$

" That from and after this date, and during the balance of the current term, the rate or amount of his compensation in full for his services on behalf of the county on all moneys received and paid out by him on warrants, shall be as follows:

" On all moneys received from the sale of bonds, one-half of

one per cent. ($\frac{1}{2}$ %)'; on all other moneys received, one and one-fourth per cent. (1$\frac{1}{4}$ %) ; on all moneys paid out on temporary loans, one-half of one per cent. ($\frac{1}{2}$ %) ; on all other moneys paid out, one and one-fourth per cent. (1$\frac{1}{4}$ %)."

To which action the county controller refused to consent.

The commissioners allege that the compensation of the county treasurer shall be that which was adopted by them at the meeting and by the action aforesaid. This the plaintiff denies, and alleges that the commissioners had no authority to change the amount of his commissions.

9. It is further agreed by both parties that the amount involved in this controversy exceeds the sum $1,500, and that during the month of April, 1903, the treasurer received $9,797.70 ; and that he disbursed $33,128.81 ; that in the month of May, 1903, he received $199,033.42, and disbursed $59,339.97; and that at two and one-quarter per cent for receiving and two and one-quarter per cent for disbursing these amounts of money, he would be entitled to $6,779.25.

If the court, therefore, be of the opinion that the plaintiff is entitled to two and one-quarter per cent for receiving and two and one-quarter per cent for disbursing, then judgment may be entered for the plaintiff in the sum of $6,779.25 ; otherwise judgment for the defendant. Costs to follow the judgment. And each party reserves the right to appeal from the judgment of the said court of common pleas, to the Supreme Court of Pennsylvania.

The court entered judgment for defendant on the case stated in an opinion by NEWCOMB, J.

*Error assigned* was in entering judgment for defendant on case stated.

*Samuel B. Price*, for appellant.—The commission of the county treasurer settled under the act of 1834 by the commissioner and auditors, would seem from the language of the act to continue if not subsequently changed during his term : Merwine v. Monroe County, 141 Pa. 162 ; Heddens' App., 18 Pa. C. C. Rep. 663 ; 2 Beach on Public Corporations, sec. 830, p. 856 ; Bastrop County v. Hearn, 70 Texas, 563 (8 S. W. Repr. 302).

The county controller does not take the place of the county auditors in settling the commissions of the treasurer under the act of 1834 : Endlich on Interpretation of Statutes, sec. 352.

*J. W. Carpenter*, with him *John J. Toohey*, for appellee.— The fair import of the language " auditors or controllers," in the constitution, in the connection it is used with other official duties, admits of one conclusion only. It assumes that each substantially exercises the same powers and performs the same duties : Taggart v. Commonwealth, 102 Pa. 354 ; Com. ex rel. v. Samuels, 163 Pa. 283 ; Com. ex rel. v. Severn, 164 Pa. 462.

The powers, authority and jurisdiction of an office are the essence of the office itself, and are inseparable from it. To take them away totally is to destroy the office : Com. v. Gamble, 62 Pa. 343 ; Reid v. Smoulter, 128 Pa. 324.

When the commissioners and the controller met on March 27, 1903, and attempted to settle the compensation for that year, and the controller refused to consent to the action of the commissioners, the result was that no compensation was settled. In the language of the act of 1875 they " failed to fix the compensation of the county treasurer," and it then behooved the treasurer to appeal to the court. Having neglected to do so his claim for compensation was without foundation, and judgment was rightfully entered against him.

OPINION BY MR. JUSTICE MESTREZAT, March 19, 1906 :

This is an amicable action in assumpsit to determine the right of the plaintiff to recover compensation alleged to be due him as the treasurer of Lackawanna county. The facts were agreed upon by the parties and submitted to the court below in a case stated. The learned trial judge entered judgment in favor of the defendant. His opinion states the law of the case.

The controller was substituted for the county auditors so far as their duties under the act of 1834 required them to approve the compensation of the county treasurer as fixed by the county commissioners. This, as the learned judge says, is the effect of the Act of June 27, 1895, P. L. 403, as interpreted by this court in Lloyd v. Smith, 176 Pa. 213. The

constitution provides that "county officers shall consist of
. . . . auditors or controllers," and we have held that the
duties and powers of each are substantially the same.  In Tag-
gart v. Commonwealth, 102 Pa. 354, this court, in construing
these words used in the constitution, says (p. 364) : "The fair
import of the language 'auditors or controllers,' in the con-
nection it is used with other official titles, admits of one con-
struction only.  It assumes that each subtantially exercises the
same powers and performs the same duties."  Not only is this
the fair and reasonable interpretation of these words as used
in the constitution, but the act of 1895, authorizing the elec-
tion of controllers in the commonwealth, in its first section
directs that the voters shall elect a controller "in place of
county auditor."  The effect of the act was to substitute the
controller for the county auditors, conferring the powers and
imposing the duties of the latter upon the former except
wherein the statute provides otherwise.  Such was held by this
court, in Commonwealth ex rel. v. Samuels, 163 Pa. 283, to
be the effect of the Act of June 8, 1893, P. L, 393, creat-
ing the office of county controller and which was almost iden-
tically the same as the act of 1895, but that act was declared
unconstitutional by reason of a defect in its title.  In the Sam-
uels case it is said (286) : "The act of June 8, 1893, P. L.
393, while it does not in express terms abolish the office of
county auditors in counties having more than 150,000 inhabi-
tants, does so in effect by transferring their duties and powers
to a county controller.  This is the manifest intent of the act,
as gathered from all its provisions, and as especially indicated
in section one which directs the election of a controller 'in
place of county auditor,' and section fifteen which expressly
directs how the duties theretofore devolved on the county au-
ditor shall thereafter be performed.  Such moreover, even
without an express legislative intent, would be the result of
the act."

It follows that the county commissioners could not settle the
compensation of the county treasurer without the approval of
the controller, and the latter having refused his consent to the
rate fixed by the commissioners at their meeting on March 27,
1903, it was not binding on the county and would not render
the county liable in this action.

It is contended, however, by the appellant that if no compensation was settled by the commissioners and auditors for the year 1903, the compensation settled on the first Monday of January, 1902, for that year, continued until the end of the treasurer's term on the first Monday of January, 1904, and that he is entitled to recover the rate of compensation established for 1902. But this contention is clearly untenable. The act of 1834 provides that the treasurer shall receive as his compensation "a certain amount per cent on all moneys received and paid by him, which rate shall be settled, from time to time, by the county commissioners, with the approbation of the county auditors." It has been expressly ruled that under this act, the compensation of the treasurer may be increased or diminished during his term of office: Crawford County v. Nash, 99 Pa. 253. It was said by this court in Merwine v. Monroe County, 141 Pa. 162, adopting the suggestion of the trial court, "that fixing the compensation (of the county treasurer) each year is a judicious exercise of this power." The appellant entered upon the duties of his office on the first Monday of January, 1901, and the term expired the first Monday of January, 1904. So far as the record discloses, the only action taken with reference to fixing the compensation during his incumbency of the office was on the first Monday of January, 1902, when the commissioners and auditors, in joint session, settled his compensation by adopting the following resolution: " That the county treasurer be allowed the same commissions for the ensuing year as that allowed the past year." This action was in line with the suggestion of this court that it would be a proper exercise of the authority conferred on the commissioners and auditors for them to fix the treasurer's compensation each year during his official term; and the language of the resolution indicates an intention to fix the compensation annually. The resolution, it will be observed, limited the time during which the treasurer should receive the compensation named in it to " the ensuing year," and consequently, the rate of compensation fixed at that time was in force and continued only until the first Monday of January, 1903. As the act requires the compensation " to be settled from time to time," the commissioners and auditors had the authority to limit the time for which the treasurer should receive the rate then fixed by

them, and the rate expired with the limitation. After that date, and without subsequent action by the commissioners and auditors settling another rate, the treasurer could not enforce payment by the county at the rate of compensation fixed for 1902. Had the resolution of January, 1902, not limited the rate to that year, the appellant's contention would have some basis to support it. That rate would, as appellant contends, have continued until some subsequent action by the commissioners and auditors. But having the authority to settle the compensation "from time to time," and having exercised that authority by fixing it for a limited time, it became the duty of the commissioners and auditors to again settle the rate at the expiration of the period for which the former rate was to continue. Until such action was taken by the commissioners and auditors, no rate was fixed and there was no liability to the treasurer which could be enforced against the county.

The treasurer was not compelled to serve without compensation, and the failure or neglect of the commissioners and auditors could not deprive him of it. In the event of a failure on the part of these officials to settle his compensation as required by the act of 1834, subsequent legislation afforded him an ample and complete remedy. That was provided by the Act of April 16, 1875, P. L. 54, 1 Purd. 464, pl. 28. That act provides that "in every case where the commissioners and auditors have heretofore failed, or shall hereafter fail, to fix the compensation of any county treasurer, an appeal may be taken to the court of common pleas of the proper county by the commissioners or treasurer; . . . . and on every such appeal the said court shall have power, in its discretion, to fix the compensation aforesaid finally." This remedy, as we have said, was ample to give the appellant the relief he needed, and being statutory it is exclusive: Act of March 21, 1806, sec. 13, 4 Sm. L. 326, 1 Purd. 77, pl. 5.

The assignments of error are overruled and the judgment is affirmed.