Taylor *v.* Moore, Appellant.

470

Argued February 3, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*Joseph Knox Stone,* with him *Charles H. Stone* and *Lawrence M. Sebring,* for appellant.—All intendments are in favor of the ordinance: Liggett's Petition, 291 Pa. 109; Mesta Machine Co. v. Furnace Co., 250 Pa. 472; Com. v. Haldeman, 88 Pa. Superior Ct. 284.

The general rule is that mandamus will not lie where there is an adequate remedy by appeal or writ of error: Herskovitz v. Irwin, 299 Pa. 155; Taylor v. Township, 299 Pa. 402; Com. v. Henry, 49 Pa. 530.

*Joseph A. Beck,* with him *Stewart P. McConnel,* for appellee.—The Act of June 29, 1923, P. L. 957, authorizing boroughs to adopt zoning ordinances, in view of the provisions of sections 4 and 5 thereof, is unconstitutional: Washington v. Roberge, 278 U. S. 116; Eubank v. Richmond, 226 U. S. 137; Cusack Co. v. Chicago, 242 U. S. 526; White's App., 85 Pa. Superior Ct. 502.

Legislation to be effective must be precise and clear and not vague and indefinite, in order that discrimination may not result: Livingston v. Wolf, 136 Pa. 519; Com. v. Corson, 36 Pa. Superior Ct. 7.

OPINION BY MR. JUSTICE KEPHART, March 25, 1931:

The Borough of Beaver, proceeding under the Act of June 29, 1923, P. L. 957, enacted a zoning ordinance regulating the location, construction, and uses of buildings and land. The relator's property was located in the residential district. He made an application to the zoning inspector for a permit to build a gasoline service station on this lot. It was refused. An appeal was taken to the board of adjustment and that board also refused to issue the permit. Mandamus proceedings to compel the issuance of the permit were then instituted. The defendant moved to quash the writ on the ground that the court was without jurisdiction and that plaintiff must avail himself of the remedy given by the legis-

lature by appealing from the board of adjustment to the court of common pleas. On the authority of Taylor v. Haverford Twp., 299 Pa. 402, a constitutional question having been raised, the court refused to quash the writ. Was there a statutory remedy available which relator was required to use?

The constitutionality of any remedy or method of procedure provided in the Zoning Act of 1923 cannot be questioned. The remedy or procedure set forth in the act is general, applying to all boroughs and first-class townships. Therein it is of uniform operation. It does not contemplate the right of trial by jury where in its operation there is a deprivation of property, since no such right was in existence when the Constitution of 1874 was adopted, and therefore it was not guaranteed by that instrument. As long as a hearing and adjudication in some form is allowed by a court of competent jurisdiction, plaintiff's rights may be protected. See West Virginia Pulp & Paper Co. v. Pub. Ser. Com., 61 Pa. Superior Ct. 555.

Nor can the validity of the Zoning Acts of assembly as structural or general legislation be questioned. They have been held constitutional as have the ordinances passed under them: Euclid v. Ambler Realty Co., 272 U. S. 365; White's App., 287 Pa. 259, and a host of cases since that time. The effect of certain parts of zoning ordinances, however, as they operate on specific property or pieces of land, may, as to such property or pieces of land, be confiscatory of property rights where there has been an unreasonable exercise of power. Such ordinance as to that exercise may be unconstitutional: White's App., supra. This was the real controversy over the facts in the present case, and it was from relief against such effects that this proceeding was instituted.

Appellee argues that, although he pursued the statutory remedy,—application being made to the building inspector and to the board of adjustment,—nothing was

then done which would bar him from raising in another and appropriate proceeding the constitutional issue of confiscation, which was then before the court, and that he could not make his application under the zoning ordinance and at the same time attack its validity. He contends that an appeal from the decision of the board of adjustment would not have been appropriate, for had he on such appeal attempted to raise the issue of invalidity of the ordinance and confiscation, he would be met by the reply that he was attacking the validity of the very legislation under which, in the same proceeding, he was asking relief and that by the above ruling such a course was not permitted. Notwithstanding these rules of law, applicable as they may be to other situations, we are confronted by the Act of March 21, 1806, 4 Sm. L. 326, section 13, and prior decisions of this court pertaining thereto. That act provides that in all cases where a remedy or method of procedure is provided or a duty enjoined by any act of assembly, the directions of such act shall be strictly pursued, and we have held that such remedy or procedure is exclusive. See Curran v. Delano, 235 Pa. 478.

The borough authorities in enacting the zoning ordinance did not step outside the act of assembly to do some act not authorized by the statute or for which they had no authority. The power to enact zoning ordinances was lawfully granted. The ordinance, barring other questions, passed pursuant to that power, was lawful even though certain parts of it might be unconstitutional or invalid as abuses of the authority conferred by causing its operation on certain land to be unreasonable, oppressive, or unfair. This is true even though such unreasonableness or oppression amounts to confiscation.

The remedy in the Zoning Act, for the redress of wrongs to persons by zoning authorities, may properly be considered as separate and distinct from the substantive right of property invaded by a zoning ordinance enacted under the Zoning Act. Following the procedure

or remedy to determine the validity of that portion of an ordinance invading property rights is not an acknowledgment of the latter's validity. Relief from this wrong against a substantive right is properly asked under the remedy provided. The request for a permit contrary to the terms of an ordinance is always a challenge on some phase of the ordinance, whether it be on a constitutional ground or otherwise. If an interested party is compelled by the Act of 1806 to adopt as the sole remedy the remedy given by the legislature to redress his grievance, he does not, by so doing, waive the right expressly given to him by the statute to protect his property interest which has been jeopardized by the exercise of a power lawfully conferred.

This will be seen by the application of the Act of 1806 to the functioning of like administrative tribunals where special remedies are provided under which questions similar to the one in hand were determined. In assessment of properties, the legislature has provided a special remedy for property owners aggrieved by the acts of the board of revision. In all such cases we have held that the specific remedy must be pursued, though, through unfairness, oppression, or unreasonableness, confiscation may be the question: Moore v. Taylor, 147 Pa. 481. If officials act without authority or without power, any appropriate remedy may be used to prevent enforcement of their orders: Byers v. Hempfield Twp., 226 Pa. 278.

Cases under the Public Service Act furnish another illustration. Since that act has become part of our law, we have held, that our courts have no jurisdiction by bill in equity or otherwise to consider and judge such cases until they come to them on an appeal, by way of the procedure provided by that law. This is so even though the constitutional question of confiscation is involved, whether it be valuation, grade crossing, re-routing of cars, removal of poles and wires, operating in a given territory, or any question arising under that act;

all have been referred to the particular remedy following the Act of 1806: Bellevue Boro. v. The Ohio Valley Water Co., 245 Pa. 114; Rochester B. & L. A. v. Beaver V. W. Co., 68 Pa. Superior Ct. 122; New Brighton Boro. v. New Brighton Water Co., 247 Pa. 232; St. Clair Boro. v. Tamaqua & Pottsville Elec. Ry. Co. et al., 259 Pa. 462; Scranton v. Scranton Ry. Co., 268 Pa. 200; Bethlehem City Water Co. v. Bethlehem Boro. (No. 2), 253 Pa. 333, 337, 338; Pbg. Rys. Co. v. Pbg., 260 Pa. 424; Midland Boro. v. Steubensville, etc., Traction Co. et al., 300 Pa. 134. See Fogelsville & Trexlertown Elec. Co. v. Pa. P. & L. Co., 271 Pa. 237, 243.

Another illustration may be had in the Workmen's Compensation Law. See also other illustrations: The Lewisburg Bridge Co. v. Union and Northumberland Counties, 232 Pa. 255; White v. Boro. of McKeesport, 101 Pa. 394; McKinney v. Monongahela Navigation Co., 14 Pa. 65; Power v. Boro. of Ridgway, 149 Pa. 317; Hiestand v. Keath, 229 Pa. 149; Hawkins v. Pbg., 220 Pa. 7; Scranton v. Lackawanna Co., 214 Pa. 509; Brotzman's App., 119 Pa. 645; Northampton Co. v. Herman, 119 Pa. 373; Meurer's App., 119 Pa. 115. We said the same thing as to the procedure in relation to boundary pillars in mines: Curran v. Delano, supra.

In all cases which we have been able to examine, except one, questions bearing on the constitutionality or validity of a Zoning Act or ordinance have come to us or the Superior Court through the remedy provided in the act of assembly governing zoning: Valicenti's App., 298 Pa. 276; Haller Baking Co.'s App., 295 Pa. 257; Kerr's App., 294 Pa. 246; Kiddy's App., 294 Pa. 209; Gilfillan's Permit, 291 Pa. 358; Liggett's Petition, 291 Pa. 109; Alpern's App., 291 Pa. 150; Ward's App., 289 Pa. 458; White's App., supra; Junge's App. (No. 1), 89 Pa. Superior Ct. 543; Junge's App. (No. 2), 89 Pa. Superior Ct. 548. In Herskovits et ux. v. Irwin et al., 299 Pa. 155, the proceeding was properly for mandamus, as the court pointed out. In that case, after the board

had allowed the permit, the right was complete, and no method existed to compel its issuance except mandamus. Where a ministerial officer fails to perform his duty, he can be compelled to do so by mandamus. Coyne v. Prichard et al., 272 Pa. 424, and Wright v. France et al., 279 Pa. 22, do not apply. In the first case there was no zoning ordinance in existence, and there was no reason for refusing the permit. In the second case the permit was refused because council thought the structure an undesirable one. Council was endeavoring to establish a zoning system by refusing permits to build. There are many more instances of the application of the Act of 1806, but it is unnecessary to detail them.

When the legislature sets up a particular procedure or remedy whereby the rights of parties must be determined, courts cannot deny the right to litigate because the aggrieved party followed that particular procedure or remedy. If the remedy provided by the act need not be followed, then it is apparent that the Zoning Act in this respect is practically a dead letter, since the question raised here is the question in the great majority of the cases brought to our attention.

As in the case of confiscation of property with respect to rates, grade crossings, and other matters involved in the Public Service Law, so it is with regard to the location of the property in a given zone. The complaint is that its location and the restrictions placed on it are unreasonable and their effect confiscatory. These may be determined by the remedy provided by the act as appropriate to the end in view. All questions involved in zoning ordinances, whether they relate to confiscation of property or to the effect of any of the provisions of an ordinance, must be heard and considered under the remedy provided by the Zoning Acts of assembly. Taylor v. Haverford Twp., supra, seems to have been taken by the profession as authorizing a departure from the established rule. It must not be so considered. In some aspects it was an exceptional case, and, in the future,

the rule we have stated must apply, notwithstanding anything said in that case.

Because of the misapprehension of our decision in the Haverford Case, we will consider the other questions. We will not discuss the effect of this ordinance on appellee's property because of its location in a residential district. Other questions are of more importance. The zoning ordinance contained the following designation of commercial and residential districts: "Commercial District: East End Avenue from the south side of Third Street south to the north side of Wilson Alley. Third Street from Beaver Street on the east to Borough Line on the west. Market Street from Turnpike Street north to Borough Line. Commercial Street from Third Street to Turnpike Street. Everything except as hereinbefore designated shall be Residence District." The court below held that this description was vague and indefinite and should invalidate the ordinance. Appellant admits this difficulty, but urges that no ordinance can be drawn that will actually delimit the various zonings.

This trouble has not been brought to our attention in the many cases we have considered. Section 2 of the act permitting zoning says: that the borough may divide a municipality into districts as to such number, shape, and area as best suited to carry out the purpose of the act, and may regulate and restrict the construction or use of buildings or the use of the land itself. Usually shaded or colored areas mark the lines, leaving little or no doubt as to the areas included. Such plan could have been adopted by the borough. As we examine the general borough plan we have difficulty in locating the land intended to be included in given districts. The ordinance does not try to locate property within given lines, but attempts to erect districts by designating properties abutting on certain streets without other boundaries. As the court below says, it is quite possible that it might become very difficult in fact to define the extent of the commercial district in accordance with

the terms of the ordinance. For instance, a lot may be located between a street designated as commercial and a particular street not so designated and within the terms of the residential district, yet the lot would abut on both streets. This is so even of an ordinary lot; how far within the limits of the lot the property owner can respect the residential district and how much he can respect the commercial district, is not clear; the character, distance, or size of the lot, only aggravates the question. Similar uncertainties might arise with respect to corner lots. Here there is no shape or area, nor is there any attempt at regulation or definition of the uses.

Section 4 requires the ordinance to determine the manner in which this regulation of the use shall be carried into effect. The ordinance furnishes no means by which the property owner may determine the character of the building which may be erected in the residential district or commercial district, unless, as counsel says, "any building that may be termed residential or a place of business may be located in the different districts." The ordinance does not fix any standard of the uses of structures therein. It does say that the buildings may be similar to or like those in other boroughs. But, for obvious reasons, such determination fixes no standard. We agree with the court below that the zoning officer's duties were not only difficult, but, under some circumstances, impossible.

Zoning ordinances must be uniform throughout the district. This is of great importance as it affects not only the reasonableness but the validity of the ordinance. If the questions of zones and uses are to be determined by the zoning officers as each case is presented, gross discrimination may arise by which one class of citizens may be favored at the expense of another; when this appears, the zoning ordinance is ineffective: White's App., supra. When an act directs that an ordinance thereunder shall prescribe suitable rules and regula-

tions intended to accomplish the operation and enforcement of the law in accordance with the express legislative will, the ordinance must prescribe some suitable standard by which the action of the board should be governed. Where a zoning ordinance permits officials to grant or refuse permits without the guidance of any standard, but according to their own ideas, it does not afford equal protection. It does not attempt to treat all persons or property alike as required by the Zoning Act. While the exercise of discretion and judgment is to a certain extent necessary for the proper administration of zoning ordinances, this is so only where some standard or basis is fixed by which such discretion and judgment may be exercised by the board. Where a zoning ordinance is vague and indefinite, it cannot be sustained as valid under the authorizing act.

In other counties where similar action has been taken in relation to the remedy above discussed and the proceedings under the Haverford Township Case followed, an order similar to the one now to be entered may be made by the hearing judge.

The decree of the court below is reversed, and it is directed that the proceedings herein be instituted and docketed nunc pro tunc as an appeal from the board of adjustment and further proceedings be had thereon in accordance with this opinion.