Guzzy et al. *v.* Volpe Coal Company, Appellant.
Adonizio *v.* Volpe Coal Company, Appellant.

Argued March 4, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES and HIRT, JJ.

*J. H. Oliver,* with him *Franklin B. Gelder* and *Charles J. Bufalino,* for appellant.

*Leo W. White* and *Roger J. Dever,* with them *Vincent M. Quinn,* for appellees.

PER CURIAM, April 18, 1941:

These two appeals were taken by the Volpe Coal Company from judgments in favor of *partially* dependent parents of deceased employees who had been accidentally killed in the course of their employment after January 1, 1938, the effective date of the Act of June 4, 1937, P. L. 1552, further amending the Workmen's Compensation Law of June 2, 1915, P. L. 736, as amended.

The appellees in No. 17, Mike Guzzy and Helen Guzzy, were the father and mother of Mike Guzzy, Jr., who was fatally injured on June 2, 1938. The appellee in No. 18, Gaetano Adonizio, was the father of Samuel Adonizio, who was fatally injured in the same accident on June 2, 1938. Their partial dependence is not questioned.

The only issue involved is whether the compensation awarded should have been based on the schedule in the Act of 1937, supra, to wit, $10 per week for 500 weeks, (see section 307 (5)) or according to the schedule in force prior to the effective date of the Act of 1937, $5 per week for 300 weeks, the maximum compensation under the Act of 1937 being three and one-third times as much as under the prior act.

The referee, board and court below adopted the former view. The appellant contends that, by reason of the following stipulated facts, the rate payable under the prior act should apply.

Volpe Coal Company, the defendant and appellant, had accepted the provisions of the Workmen's Compensation Law in force prior to the passage of the Act of 1937.

Following the passage of that act a bill in equity was filed on November 29, 1937 in the Court of Common Pleas of Dauphin County, Sitting in Equity, No. 1357, (No. 501 Commonwealth Docket 1937) by the Rich Hill Coal Company and The Morrisdale Coal Company, coal operators, who had, likewise, elected to pay compensation under all prior Workmen's Compensation laws and carried insurance against their liabilities under said acts,—on their own behalf and on behalf of such employers similarly situated, and taxpayers, as might wish to join as parties plaintiff—against The Secretary of Labor and Industry, who was charged with the duty of enforcing the Workmen's Compensation Laws of the Commonwealth, to enjoin the said Secretary from enforcing or attempting to enforce the provisions of said

Act of June 4, 1937, P. L. 1552, and of the Act of July 2, 1937, P. L. 2714, supplementing the Workmen's Compensation Law of 1915, supra, by including certain occupational diseases within the scope thereof, because of certain alleged unreasonable and unconstitutional provisions therein, specifically referred to in said bill; and a preliminary injunction was issued as prayed for, on December 30, 1937.

On December 31, 1937 certain coal operators, who, during the month of October 1937, following the passage of the said Acts of 1937, had rejected the workmen's compensation system purported to be established by said Acts of 1937, were allowed to intervene as parties plaintiff in said suit in order to attack the validity of certain provisions in said acts affecting their rights under common law actions which might be brought against them because of injuries to their employees.

On January 28, 1938, this appellant applied to the Court of Common Pleas of Dauphin County and obtained leave to intervene in said suit as a party plaintiff, but did not then ask for a temporary injunction or file a bond.

The said suit was so proceeded with that on March 27, 1939 and April 15, 1939 the Supreme Court handed down its judgments declaring certain sections and provisions of said Acts of 1937 (P. L. 1552 and 2714, respectively) invalid and unconstitutional and remitting the record to the court below to consider and determine, inter alia, whether the rates of compensation provided for under said acts were fair and reasonable, or unreasonable and confiscatory. See *Rich Hill Coal Co. et al. v. Bashore,* 334 Pa. 449, 490-494, 7 A. 2d 302. Such determination, we are informed, has not yet been made by the Court of Common Pleas of Dauphin County.

The claim petition in the Adonizio case was filed on August 19, 1938; the award of the referee was filed on January 20, 1939; the board affirmed the award on November 30, 1939, appeal was taken by defendant to

the court of common pleas on December 20, 1939. The dates in the Guzzy case are: claim petition filed October 27, 1938; referee's award, November 15, 1938; board affirmed award November 30, 1939; appeal by defendant to the court of common pleas on December 20, 1939.

On February 21, 1940, this appellant filed its bond in the sum of $10,000, duly approved by the President Judge of the Court of Common Pleas of Dauphin County, and obtained an order from said court preliminarily enjoining the Secretary of Labor and Industry, his agents, deputies and subordinates from enforcing and administering any of the provisions of the Act No. 323 of the 1937 session, approved June 4, 1937 (P. L. 1552) and of the Act No. 552 of said session, approved July 2, 1937 (P. L. 2714) against Volpe Coal Company until the further order of that court. A certified copy of said order was presented to and filed with the Court of Common Pleas of Luzerne County before that court handed down on March 18, 1940 the orders dismissing the respective appeals and entering judgment against defendant on each appeal in the sum of $5000.

While we recognize that the order of the Court of Common Pleas of Dauphin County was not directed to nor binding on the Court of Common Pleas of Luzerne County—though it would have been on the Workmen's Compensation Board if the cases had been pending before that body—in view of the discussion and judgment of the Supreme Court above referred to, and the improbability of recovering anything from the claimants if the appellant's position as to the unreasonableness of the rate of compensation should be sustained, we are of opinion that the ends of justice will be best served by affirming the respective judgments in the court below, subject to the provision that no execution thereon shall issue for any sum or amount in excess of the rate fixed for partially dependent parents by the schedule in force prior to the effective date of the Act of June 4, 1937, P. L. 1552, without the permission or authority of

this court, and until a reasonable time has elapsed to secure a final determination of the issue pending before the Dauphin County Court as to the reasonableness and constitutionality of the rate of compensation fixed in said Act of 1937, as respects partially dependent parents; and if found unconstitutional as respects the rate of compensation here involved, the judgment to be opened as to all in excess of the compensation payable under the prior statute. If any of the claimants refuse to accept such compensation as directed above, interest shall cease on the amounts so tendered.

In reliance on the opinion and order of the Supreme Court above referred to (334 Pa. 449) we do not hold the defendant to be estopped from questioning in the Dauphin County Court the reasonableness and the constitutionality of certain schedules of compensation provided for in the said Act of June 4, 1937, because it had accepted the Workmen's Compensation Law. To do so would have the effect of barring everybody from raising that question; for those who elected not to accept the act would not be affected by its rates, and, therefore, could not complain of their unconstitutionality; and those who accepted the act, being estopped, could not do so either. While acceptance of the act is presumably voluntary, the burdens placed on an employer who does not accept tend to make it compulsory. We understand our Supreme Court to have ruled in the Rich Hill case that an employer, who has generally accepted the provisions of the Workmen's Compensation Law, is not thereby required to accept every part of it, even though certain sections or provisions are unconstitutional; he may nevertheless question the constitutionality of certain specific provisions in it alleged to be unreasonable and confiscatory. Unless this is so, there would be no reason for including in it the provision as to the severability of its sections, in case any were found to be unconstitutional. See also along similar lines, *Thompson v. Consolidated Gas Co.*, 300 U. S.

55, 80, 81; *Euclid v. Ambler Co.*, 272 U. S. 365, 395; *Taylor v. Moore*, 303 Pa. 469, 472, 154 A. 799.

It is so ordered.