## Wynnewood Civic Association *v.* Lower Merion Township, Appellant.

Argued October 7, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*John E. Forsythe,* with him *James S. Clifford, Jr., Edmund B. Spaeth, Jr.,* and *Wright, Mauck, Hawes & Spencer,* for appellant.

*Francis L. Van Dusen,* with him *M. Carton Dittmann, Jr., Howard H. Rapp, Edwin W. Semans, Robert H. Young* and *Desmond J. McTighe,* for appellees.

OPINION BY WOODSIDE, J., January 19, 1954:

This appeal involves a dispute over the proper procedure to be followed in testing the legality of a zoning ordinance.

On December 8, 1952, the Commissioners of Lower Merion Township, a township of the first class in Montgomery County, enacted an ordinance amending the township's zoning ordinance of 1927 by a vote of 9 to 4 (one Commissioner abstaining). The ordinance changed the designation of a certain tract of land of approximately 15 acres from an "R 3 Residential Dis-

trict" and "R 4 Residential District", to an "R 7 Residential District". Under the township's zoning ordinance apartment houses may not be constructed in R 3 and R 4 residential districts but may be built in R 7 residential districts.

The Wynnewood Civic Association, a non-profit corporation, and a number of owners of premises in the immediate vicinity of, but not within, the redistricted area filed a complaint in the Quarter Sessions Court of Montgomery County alleging that the ordinance of December 8, 1952 is illegal for the following reasons: It is arbitrary and unreasonable and not based on the police power purposes described in the First Class Township Law; it is discriminatory and denies them due process of law; its enactment was an arbitrary abuse of discretion; it is conditional legislation having been passed only after an agreement that the petitioner would not apply for any change in zoning of certain property; it was not passed by three-fourths of the Commissioners as required by law; and the complainants were denied a fair hearing.

The township, proceeding under the Act of March 5, 1925, P. L. 23, 12 PS 672, obtained a rule to show cause why the complaint should not be dismissed for lack of jurisdiction. In its petition the township alleged that "No construction has taken place on the tract of land involved in this case, nor are there any apparent preparations for construction there, nor has any application for a permit to permit construction there been filed with your petitioner since the passage of the Ordinance here being challenged."

The complainants claim the right to question the legality of the ordinance under authority of Paragraph 1, Section 1502 of The First Class Township Code of May 27, 1949, P. L. 1955 (53 PS 19092-1502 which reads:

"Complaint as to the legality of any ordinance or resolution may be made to the court of quarter sessions upon entering into bond with sufficient security to be approved by the court to prosecute the same with effect and for the payment of costs by any person aggrieved, within thirty days after any ordinance or resolution takes effect. The determination and the order of the court thereon shall be conclusive. In cases of the laying out of streets over private property the court shall have jurisdiction to review the propriety as well as the legality of the ordinance."[1]

The township contends that the only way the legality of the questioned ordinance can be raised is under the particular remedy provided by the zoning acts of assembly. 53 PS 19092-3101 et seq.[2]

---

[1] A similar clause was first enacted over one hundred years ago in the General Borough Act of April 3, 1851, §27, Clause 2 P. L. 320 (repealed) and has been continued with modifications through the Act of May 22, 1883, §2 P. L. 39 (repealed) Act of May 14, 1915, P. L. 312 Ch. VII, Article 1 §9 (repealed) Act of May 4, 1927, P. L. 519 Art. X §1010 into its present form Act of May 18, 1933, P. L. 818 §1 July 10, 1947, P. L. 1621 §23, 53 PS 12900 which differs only in minor respects from the township act at issue.

It was not until the Act of May 27, 1949, P. L. 1955, §31, 53 PS 19092-1502 that this provision was incorporated into The First Class Township Code.

[2] Authority was first given to First Class Townships to enact zoning ordinances by the Zoning Act of June 29, 1923, P. L. 957 which applied also to Boroughs. This Act was subsequently repealed and most of its provisions copied into The First Class Township Code by the Act of June 24, 1931, P. L. 1206. The fact that the Zoning Law was not at first incorporated into The First Class Township Code accounts for the reference in the cases and the arguments in this case to the expressed "Zoning Acts of Assembly."

There was some argument made in this case that a different interpretation should be put upon the law because it is no longer a separate act but is now incorporated into the Township Code.

The lower court discharged the township's rule thus holding it had jurisdiction to hear the complaint. From this order the township took this appeal.

The township relying upon *Taylor v. Moore,* 303 Pa. 469, 154 A. 799 (1931) and *Commonwealth v. DeBaldo,* 169 Pa. Superior Ct. 363, 82 A. 2d 578 (1951) quotes from them as follows: " 'All questions involved in zoning ordinances, whether they relate to confiscation of property or to the effect of any of the provisions of an ordinance, must be heard and considered under the remedy provided by the Zoning Acts of assembly.' "

Under the "Zoning acts" the township is empowered to set up a Commission to draft zoning ordinances and a Board of Adjustment to hear appeals and to determine whether there is error in the decision of any administrative official or in the enforcement of any zoning ordinance; or whether a special exception should be made to the terms of a zoning ordinance; or whether a variance should be granted to the terms of a zoning ordinance. After ruling of the Board aggrieved parties may appeal to the Court of Common Pleas.

Since the appellant has leaned so heavily upon *Taylor v. Moore,* supra, it must be carefully examined to see just what the court did hold in that case. There an effort was made to obtain a writ of mandamus to compel the issuance of a building permit for a gasoline service station in an area classified by a borough zoning ordinance as residential. The relator was refused the permit by the zoning inspector and subsequently by the board of adjustment to which he had appealed. The question was whether he could bring the action in mandamus or, as the court said, (Page 472) "Was there a statutory remedy available which relator was required to use?"

---

We cannot see how this makes any difference in the interpretation.

It was admitted that there was a statutory appeal from the board of adjustment to the Court of Common Pleas but the relator did not pursue it because, he contended, that had he on such appeal attempted to raise the issue of invalidity of the ordinance he would be attacking the validity of the legislation under which he was asking relief—a procedure which the law does not permit. With this the Court did not agree, holding that when the legislature sets up a particular procedure or remedy whereby the rights of parties must be determined, courts cannot deny the right to litigate because the aggrieved party followed that particular procedure or remedy.

The Court there cited *Curran v. Delano*, 235 Pa. 478, 84 A. 452 (1912) in which the applicable principle was set forth on Page 483 in the following language: "It is settled both at common law and under our Act of March 21, 1806, 4 Sm. Laws 326, 1 Purd. 271, that where a statute creates a right or liability or imposes a duty, and prescribes a particular remedy for its enforcement, such remedy is exclusive and must be strictly pursued."

In *Taylor v. Moore*, supra, and all the zoning cases in which it is cited as authority for the rule quoted by the appellant, the owner of the zoned land was attempting to obtain a legal determination of his rights. The courts have consistently held that the owner could not raise such a question by mandamus as was attempted in *Taylor v. Moore*, supra, and *Lukens v. Ridley Township Zoning Board of Adjustment*, 367 Pa. 608, 80 A. 2d 765 (1951);[1] or by provoking arrest

---

[1] In *Miller v. Seaman et al.*, 137 Pa. Superior Ct. 24, 8 A. 2d 415 (1939) mandamus was permitted and appeal to the Board of Adjustment not required because a zoning ordinance was not involved in the refusal of a superintendent of building inspectors to issue a building permit.

through proceeding without a permit as was attempted in *Commonwealth v. DeBaldo,* supra; or by bill in equity as in *Curran v. Delano,* supra, *Wysznyski v. Philadelphia,* 370 Pa. 632, 89 A. 2d 355 (1952), *Vogt v. Port Vue Borough,* 170 Pa. Superior Ct. 526, 85 A. 2d 688 (1952), *White et al. v. Old York Road Club,* 318 Pa. 346, 178 A. 3 (1935), and *Young v. Board of Adjustment of Wilkinsburg Borough,* 349 Pa. 450, 37 A. 2d 714 (1944).

Unlike *Taylor v. Moore,* supra, and the other cases referred to above in which statutory proceedings were ignored and other proceedings were instituted, the claimants in the case before us are following a particular remedy which was prescribed by statute to test "the validity of any ordinance."

The question here is not whether there is a statutory remedy to be followed, but *which* statutory remedy contained in The First Class Township Code is to be followed in this particular case.

In the case before us the complainants cannot now pursue the statutory remedy which the appellants contend is their exclusive remedy. That remedy is only applicable to a case where an application for a permit has been made, and the complainants cannot apply for a permit or compel any other person to do so.

The crux of this case is that there *is* a remedy prescribed by the Legislature to test the legality of any ordinance, and the claimants are using it to test this ordinance. This, we agree with the lower court, they can do.

The township argues that until application for a permit is made the claimants are not aggrieved, and therefore are not proper parties to bring an action under Section 1502 supra, even if action to test a zoning ordinance is permissible under the section.

It is true that the most undesirable building which the ordinance authorizes is not a real and imminent threat until there is an application for a permit to construct an undesirable building. As the record here stands, it is possible that no effort will ever be made to erect an apartment house objectionable to the complainants and that on part, or even all, of the rezoned area, dwelling houses will be erected to which the complainants have no objection. Under any circumstances at least some of the objections made by the complainants could more justly be passed upon after it is revealed through an application for a permit exactly what is proposed to be done.

However, the question of the alleged incompetency of plaintiffs to invoke the jurisdiction of the court below is not a proper question to be raised preliminarily under the Act of 1925. *Staryeu v. Midouhas*, 299 Pa. 352, 354, 149 A. 600 (1930), *Zerbe Township School District v. Thomas*, 353 Pa. 162, 166, 44 A. 2d 566 (1945), *Witney v. Lebanon City*, 369 Pa. 308, 311, 312, 85 A. 2d 106 (1952).

Appellants further contend that only procedural and not substantive defects in the ordinance can be raised in this proceeding. The lower court refused to pass upon this saying, "Since the complaint in this case charges defects both procedural and substantive, we are of the opinion that, for our present purpose, we are not required to pass on this phase of the township's contention."

Neither is it necessary for us to pass upon this subject. It is to be noted, however, that as soon as the Court below starts its hearing it will have to take a position on this question in order to determine what evidence is to be admitted. In the interest of avoiding additional delay over a procedural question we deem

it advisible to make a few observations concerning this question.

To hold that the substantive question concerning the legality of the ordinance could be determined under Section 1502, supra, as proposed by the appellee, might deprive proper parties of rights which they are entitled to have otherwise determined.

In the determination of some of the questions here raised by the complainants, both the owners of the re-zoned area, and the owners of property in the neighborhood are entitled to have a determination of certain of their rights with the attendant notices, hearings and appeals as set forth in the zoning laws. It might well be a denial of due process to them if the determination and order of the court on the substantive questions raised in this proceeding would be conclusive as provided in Clause I, Section 1502 of The First Class Township Code (supra).

It is good public policy to have procedural questions involving the legality of ordinances determined promptly while witnesses are available and their recollections fresh. For ordinances, long recognized and accepted as the law of the township, to be declared illegal years after their passage because of procedural defects could lead to many undesirable results.

But there is serious doubt whether substantive questions should be determined on the basis of what might and might not happen. Should not the parties and the situation existing in the neighborhood at the time the permit is sought be considered in the determination of such questions?

Order affirmed.