## Behanna et al. v. Polachek et al.

*Joseph C. Spriggs,* for plaintiffs.

*Paul N. Barna* and *George O. Frazier,* for defendants.

WEINER, J., December 10, 1954.—This case comes before the court on preliminary objections filed by defendants to the complaint in equity filed by plaintiffs against defendants.

The complaint in this case alleges that plaintiffs are the owners of a lot of ground in the Borough of Donora adjacent to a lot upon which defendants, George R. Polachek and Betty Jean Polachek have constructed or have indicated an intention to construct a gasoline service station in violation of a zoning ordinance adopted by the Borough of Donora on July 2, 1946, and that the operation of the service station in that locality constitutes a nuisance which should be abated.

The complaint admits that defendants were issued a building permit for the service station by the Donora Borough Secretary but it is alleged by these plaintiffs that the borough secretary had no legal authority to issue the permit, and that therefore the permit was illegal and void. Plaintiffs further allege that they made an attempt to appeal the issuance of the permit to the board of adjustment provided for by the zoning ordinance and act of assembly under which the ordinance was enacted, but the appeal was impossible by reason of the failure of the borough officials to set up or

create such board of adjustment at that time, as required by the ordinance and the act of assembly.

The preliminary objections filed by defendants relate to the lack of jurisdiction of a court of equity over the subject matter by reason of the statutory remedy of appeal from the issuance of the building permit as provided by the zoning ordinance and the applicable acts of assembly.

It is true that ordinarily where a statutory remedy is provided, its direction must be strictly pursued. See Wojner et ux. v. Yale & Towne Manufacturing Company, Inc., et al., 348 Pa. 595. The same principle was followed in the recent case of Shender v. Philadelphia, 375 Pa. 596, where the Supreme Court, in a per curiam opinion, affirmed the action of the court below in dismissing plaintiff's complaint.

The following language was quoted with approval from the opinion of Crumlish, J., of the Common Pleas Court No. 7 of Philadelphia County:

"'All questions involved in zoning ordinances, whether they relate to confiscation of property or to the effect of any of the provisions of an ordinance, must be heard and considered under the remedy provided by the Zoning Acts of Assembly': Taylor v. Moore, 303 Pa. 469, 476, 154 A. 799. This is required by the Act of March 21, 1806, P. L. 558, 4 Sm. L. 326, §13, 46 PS §156, which provides: 'In all cases where a remedy is provided, or duty enjoined, or anything directed to be done by any act or acts of assembly of this Commonwealth, the directions of the said acts shall be strictly pursued, and no penalty shall be inflicted, or anything done agreeably to the provisions of the common law, in such cases, further than shall be necessary for carrying such act or acts into effect.' "

In the opinion of this court, however, that principle is not applicable to the instant case for two well-recognized reasons. In the first place, while the zoning

ordinance in question refers to a remedy, none was actually provided by reason of the failure of the borough authorities to set up a board of adjustment to make the remedy under the ordinance possible. By their failure to provide a remedy, we find no merit in the contention of defendants that the principle approved in the case of Shender v. Philadelphia, supra, must apply.

The general rule that no one is entitled to relief in a court of equity for threatened injury unless available remedies at law are exhausted will not be applied nor will a party be relegated to a legal remedy *if the legal remedy is not adequate and complete:* Duquesne Light Company v. Upper St. Clair Township, 377 Pa. 323, 340.

Secondly, that same case of Shender v. Philadelphia recognizes that other circumstances may be present that would be sufficient to bring a case under some acknowledged head of equity jurisdiction.

It has long been the law of Pennsylvania that equity will take jurisdiction to abate a nuisance, even where that nuisance may arise in the alleged failure to enforce a zoning ordinance. See Wood et al. v. Goldvarg et al., 365 Pa. 92, where the court at pages 94 and 95 said:

"Equity's jurisdiction to protect property rights from damage not capable of monetary evaluation is here being invoked. It is well settled that in order to oust equity jurisdiction, there must be a legal remedy that is adequate and complete. . . .

"It would be absurd to compel plaintiffs, under the circumstances here involved, to proceed at law under (zoning ordinance procedure) for the obvious reason that while such litigation was in progress, defendant's building would be erected and as a result irreparable damages would be sustained by plaintiffs."

This court, in considering these preliminary objections, must take as true all the allegations well pleaded in this complaint. Whether a court of equity has jurisdiction must, in this case, be determined by the allegations in the complaint and on the conditions existing at the time the complaint is filed. See Adams' Appeal, 113 Pa. 449.

The complaint in this case is sufficient to make out a proper case for injunctive relief. The fact that defendants have brought to the attention of the court that a board of adjustment has now been created to provide a remedy of appeal under the zoning ordinance, cannot now affect the jurisdiction of this court of equity. Such jurisdiction, once acquired, will not be defeated by subsequent events which render equitable relief unnecessary or improper: Conemaugh Gas Company v. Jackson Farm Gas Company, 186 Pa. 443; Masson and Besanson's Appeal, 70 Pa. 26; Reeder v. Trullinger, 151 Pa. 287.

We are therefore compelled to hold that under the allegations of this complaint plaintiffs had no adequate remedy at law at the time the complaint was filed, and under those same allegations equity did have jurisdiction over the subject matter. We are further compelled to hold that the subsequent action of the borough in creating a board of adjustment is not sufficient to oust the jurisdiction of equity once properly acquired: Lafean et al. v. American Caramel Co., 271 Pa. 276.

For the reasons set forth above this court makes the following

### Order

And now, December 10, 1954, the preliminary objections filed by defendants to the complaint in equity at the above number and term are hereby dismissed, with leave to defendants to file answers thereto if they so desire, within 20 days from the date hereof.